Exhibit A-1
Amendment No. 1 to the Amended and
Restated Credit Agreement, dated April 6, 1999

[EXECUTION COPY]

## AMENDMENT NO. 1
## TO
## AMENDED AND RESTATED CREDIT AGREEMENT

AMENDMENT NO. 1 TO AMENDED AND RESTATED CREDIT AGREEMENT, dated as of March 29, 1999 (this "**Agreement**"), among NATIONAL FORGE COMPANY HOLDINGS, INC. a Delaware corporation (the "**Holdings**"), NATIONAL FORGE COMPANY, a Pennsylvania corporation ("**NFC**"), NATIONAL FORGE EUROPE LIMITED, an English company ("**NFE**"; NFC and NFE are individually referred to as the "**Borrower**" and collectively as "the **Borrowers**"), the various financial institutions parties hereto (collectively, the "**Lenders**") and THE CHASE MANHATTAN BANK, as agent (in such capacity, the "**Agent**") for the Lenders.

### W I T N E S S E T H:

WHEREAS, Holdings, the Borrowers, the Lenders and the Agent are parties to the Amended and Restated Credit Agreement, dated as of April 6,1998 (the "**Existing Credit Agreement**"); and

WHEREAS, Holdings and the Borrowers have requested that, as of the Effective Date, the Existing Credit Agreement be amended as herein provided; and

WHEREAS, the Lenders are willing, subject to the terms and conditions hereinafter set forth, to make such amendments as of the Effective Date;

NOW, THEREFORE, in consideration of the agreements herein contained, the parties hereto hereby agree as follows:

### ARTICLE I

### DEFINITIONS

**SECTION 1.1.**    **Certain Definitions.**    The following terms (whether or not underscored) when used in this Agreement shall have the following meanings:

"**Agent**" is defined in the preamble.

"**Agreement**" is defined in the preamble.

\47124\013\AMENDCA1.001

"**Amended Credit Agreement**" means the Existing Credit Agreement as amended by this Agreement as of the Effective Date.

"**Borrower**" and "**Borrowers**" " is defined in the underline preamble.

"**Effective Date**" is defined in Section 5.1.

"**Existing Credit Agreement**" is defined in the first recital.

"**Lenders**" is defined in the preamble.

"**Holdings**" is defined in the preamble.

"**NFC**" is defined in the preamble.

"**NFE**" is defined in the preamble.

**SECTION 1.2 Other Definitions**.    Unless otherwise defined or the context otherwise requires, terms used herein (including in the preamble and recitals hereto) have the meanings provided for in the Existing Credit Agreement.

## ARTICLE II

### AMENDMENTS

Effective on (and subject to the occurrence of) the Effective Date, the Existing Credit Agreement is amended as follows:

**SECTION 2.1    Amendments to Section 4.14.**    The second sentence of Section 4.14(b) of the Existing Credit Agreement is amended in its entirety as follows: "All proceeds of Borrowings under the Revolving Credit Commitment shall be used (i) to provide for the working capital requirements of NFC and Letters of Credit of the account of NFC, (ii) for other general corporate purposes of NFC and (iii) on or prior to June 30, 1999 in an amount not to exceed $4,000,000 for the purpose for redeeming the common stock of Holdings owned by the Management Investors."

**SECTION 2.2    Amendments to Section 7.04.**    Section 7.04 of the Existing Credit Agreement is amended and restated in the entirety by adding a new clause (iii) as follows:

2

"(iii) may use the proceeds of Borrowings under the Revolving Credit Commitment to redeem the common stock of Holdings owned by the Management Investors as provided in Section 4.14(b)."

## ARTICLE III

## REPRESENTATIONS AND WARRANTIES

In order to induce the Lenders to make the amendments provided for in Article II, Holdings and each Borrower hereby represents and warrants as of the Effective Date that each of their representations and warranties contained in the Existing Credit Agreement and in the other Loan Documents is true and correct in all material respects as of the Effective Date (except, if any such representation and warranty relates to an earlier date, such representation and warranty shall be true and correct in all material respects as of such earlier date) and both immediately before and after giving effect to the provisions of this Agreement no Default or Event of Default has occurred and is continuing and (b) agrees that the incorrectness in any material respect of any representation and warranty continued in the preceding clause (a) shall constitute an immediate Event of Default.

## ARTICLE IV

## ACKNOWLEDGEMENT OF SUBSIDIARIES

By executing the acknowledgement to this Agreement, each of the Subsidiaries of Holdings and the Borrowers set forth on the signature pages hereto confirms and agrees that their obligations under the Loan Documents are, and shall continue to be, in full force and effect and are hereby ratified and confirmed in all respects, except that on or after the Effective Date each reference to the Credit Agreement therein shall refer to the Credit Agreement after giving effect to this Agreement.

## ARTICLE V

## CONDITIONS TO EFFECTIVENESS

**SECTION 5.1.  Effective Date.**  The amendments set forth in Article II shall become effective on such date (herein called the **"Effective Date"**) when the relevant conditions set forth in this Section 5.1 have been satisfied.

3

\47124\013\AMENDCA1.001

SECTION 5.1.1.  **Execution of Agreement.** Counterparts of this Agreement shall have been duly executed and delivered on behalf of Holdings and Borrowers and the Required Lenders.

SECTION 5.1.2.  **Representations and Warranties.**  The representations and warranties made by Holdings and Borrowers pursuant to Article III as of the Effective Date shall be true and correct.

SECTION 5.2  **Expiration.**  If the Effective Date shall not have occurred on or prior to April 20, 1999 the agreements of the parties contained in this Agreement shall, unless otherwise agreed by the Required Lenders, terminate effective immediately on such date and without further action.

## ARTICLE VI

## MISCELLANEOUS

SECTION 6.1.  **Cross-References.**  References in this Agreement to any Article or section are, unless otherwise specified, to such Article or Section of this Agreement.

SECTION 6.2.  **Loan Document Pursuant to Credit Agreement.**  This Agreement is a Loan Document executed pursuant to the Amended Credit Agreement. Except as expressly amended hereby, all of the representations, warranties, terms, covenants and conditions contained in the Existing Credit Agreement and each other Loan Document shall remain unamended or otherwise unmodified and in full force and effect.

SECTION 6.3.  **Limitation of Amendments.**  The amendments set forth in Article II shall be limited precisely as provided for herein and shall not be deemed to be a waiver of, amendment of, consent to or modification of any other term or provision of the Existing Credit Agreement or of any term or provision of any other Loan Document or of any transaction or further or future action on the part of the Holdings, the Borrowers or their Subsidiaries which would require the consent of any of the Lenders under the Existing Credit Agreement or any other Loan Document.

SECTION 6.4.  **Counterparts.**  This Agreement may be executed by the parties hereto in several counterparts, each of which shall be deemed to be an original and all of which shall constitute together but one and the same agreement.

SECTION 6.5.  **Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

4

\47124\013\AMENDCA1 001

SECTION 6.6. <u>Costs and Expenses</u>. The Borrower agrees to pay all reasonable costs and expenses incurred by legal counsel for the Agent incurred in connection with the execution and delivery of this Agreement and the other agreements and documents entered into in connection herewith.

SECTION 6.7. <u>GOVERNING LAW; WAIVER OF JURY TRIAL; ENTIRE AGREEMENT</u>. THIS AGREEMENT SHALL BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK. EACH PERSON A PARTY HERETO KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION ARISING UNDER OR IN CONNECTION WITH THIS AGREEMENT OR ANY AGREEMENT OR DOCUMENT ENTERED INTO IN CONNECTION HEREWITH. THIS AGREEMENT CONSTITUTES THE ENTIRE UNDERSTANDING AMONG THE PARTIES HERETO WITH RESPECT TO THE SUBJECT MATTER HEREOF AND SUPERSEDES ANY PRIOR AGREEMENT, WRITTEN OR ORAL, WITH RESPECT HERETO.

\47124\013\AMENDCA1.001

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their respective officers hereunto duly authorized as of the day and year first above written.

NATIONAL FORGE COMPANY
    HOLDINGS, INC.

By _____
Name: E. J. Roger Clark
Title: Chairman, President, CEO

NATIONAL FORGE COMPANY

By _____
Name: E. J. Roger Clark
Title: Chairman, President, CEO

NATIONAL FORGE EUROPE LIMITED

By _____
Name: E. J. Roger Clark
Title: Chairman

THE CHASE MANHATTAN BANK,
As Agent

By _____
Name:
Title:

LENDERS:

THE CHASE MANHATTAN BANK

By _____
Name:
Title:

FLEET BUSINESS CREDIT
    CORPORATION

By _____
Name:
Title:

6

NATIONAL CITY BANK OF
PENNSYLVANIA

By _____
Name:
Title:

Agreed and Accepted By:

NFIP, Inc.

By  *E. Roger Clark*
Name:    E. Roger Clark
Title:    PRESIDENT

NATIONAL FORGE COMPONENTS, INC.

By  *E. Roger Clark*
Name:    E. Roger Clark
Title:    PRESIDENT

MITCHELL, SHACKLETON & COMPANY LIMITED

By  *E. Roger Clark*
Name:    E. Roger Clark
Title:    CHAIRMAN

NATIONAL FORGE EXPORT, LTD.

By  *E. Roger Clark*
Name:    E. Roger Clark
Title:    CHAIRMAN

NORTHWEST FORGEMASTERS LIMITED

By  *E. Roger Clark*
Name:    E. Roger Clark
Title:    CHAIRMAN

M712499134AMENDCA1.001

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by their respective officers hereunto duly authorized as of the day and year first above written.

NATIONAL FORGE COMPANY
HOLDINGS, INC.

By_____
Name:
Title:

NATIONAL FORGE COMPANY

By_____
Name:
Title:

NATIONAL FORGE EUROPE LIMITED

By_____
Name:
Title:

THE CHASE MANHATTAN BANK,
As Agent

By _____
Name:        HEDI S. O'CONNOR
Title:        VICE PRESIDENT

LENDERS:

THE CHASE MANHATTAN BANK

By _____
Name:        HEDI S. O'CONNOR
Title:        VICE PRESIDENT

FLEET BUSINESS CREDIT
CORPORATION

By_____
Name:
Title:

6

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by their respective officers hereunto duly authorized as of the day and year first above written.

**NATIONAL FORGE COMPANY HOLDINGS, INC.**

By_____
Name:
Title:

**NATIONAL FORGE COMPANY**

By_____
Name:
Title:

**NATIONAL FORGE EUROPE LIMITED**

By_____
Name:
Title:

**THE CHASE MANHATTAN BANK,**
As Agent

By_____
Name:
Title:

**LENDERS:**

**THE CHASE MANHATTAN BANK**

By_____
Name:
Title:

**FLEET BUSINESS CREDIT CORPORATION**

By_____
Name:
Title: **Vice President**

6

A16

NATIONAL CITY BANK OF
PENNSYLVANIA

By _Richard D Davies_
Name: RICHARD D DAVIES
Title: VICE PRESIDENT

Agreed and Accepted By:

NFIP, Inc.

By_____
Name:
Title:

NATIONAL FORGE COMPONENTS, INC.

By_____
Name:
Title:

MITCHELL, SHACKLETON & COMPANY LIMITED

By_____
Name:
Title:

NATIONAL FORGE EXPORT, LTD.

By_____
Name:
Title:

NORTHWEST FORGEMASTERS LIMITED

By_____
Name:
Title:

7

\4712\013\AMENDCA1.001

TOTAL P.08

A17