Exhibit H
National Forge Company Holdings, Inc.'s
Restated Articles of Incorporation Dated July 9, 1999

*State of Delaware*

# Office of the Secretary of State

PAGE 1

---

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE RESTATED CERTIFICATE OF "NATIONAL FORGE COMPANY HOLDINGS, INC.", FILED IN THIS OFFICE ON THE NINTH DAY OF JULY, A.D. 1999, AT 9 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

*Edward J. Freel, Secretary of State*

2436552  8100

991280310

AUTHENTICATION: 9856550

DATE: 07-09-99

# RESTATED

# CERTIFICATE OF INCORPORATION

# OF

# NATIONAL FORGE COMPANY HOLDINGS, INC.

\* \* \* \* \*

FIRST.    Name. The name of the Corporation is:

National Forge Company Holdings, Inc.

The Corporation was originally incorporated under the name NFC Acquisition Company on September 30, 1994.

SECOND.    Address. The address of its registered office in the State of Delaware is 1013 Centre Road, in the City of Wilmington, County of New Castle. The name of its registered agent at such address is Corporation Service Company.

THIRD.    Purpose. The Corporation is organized to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

FOURTH.    Authorized Capital. The total number of shares of stock which the Corporation shall have authority to issue is 635,000 shares of Common Stock having a par value of $.01 per share (the "Common Stock").

A.    Voting. Each outstanding share of Common Stock shall entitle the holder thereof to one (1) vote on each matter submitted to a vote at a meeting of the stockholders of the Corporation, except as otherwise provided by law or this Certificate. The affirmative vote or written consent of a majority of the outstanding shares of Common Stock, shall be necessary for authorizing, effecting or validating any matter upon which the stockholders of the Corporation are entitled to vote.

B.    Dividends. The holders of shares of Common Stock shall be entitled to receive dividends, if and when declared payable from time to time by the Board of Directors, from any funds legally available therefor.

C.    Liquidation. In the event of any dissolution, liquidation or winding up of the Corporation, whether voluntary or involuntary, the holders of the then outstanding shares of Common Stock shall be entitled to receive pro rata, any remaining assets of the Corporation, or may sell, transfer or otherwise dispose of all or any part of such remaining assets to any other corporation, trust or other entity and receive payment therefor in cash, stock or obligations of such other corporation, trust or entity or any combination thereof, and may sell all or any part of

the consideration so received, and may distribute the consideration so received or any balance thereof in kind to holders of the shares of Common Stock. The voluntary sale, conveyance, lease, exchange or transfer of all or substantially all the property or assets of the Corporation (unless in connection therewith the dissolution, liquidation or winding up of the Corporation is specifically approved), or the merger or consolidation of the Corporation into or with any other corporation, or the merger of any other corporation into it, or any purchase or redemption of shares of stock of the Corporation of any class, shall not be deemed to be a dissolution, liquidation or winding up of the Corporation for the purposes of this Section.

D. *Preemptive Rights*. The holders of the Common Stock will have preemptive rights to subscribe for any additional shares of Common Stock which may be issued by the Corporation.

FIFTH. *Board of Directors*. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors of the Corporation which shall consist of nine (9) persons. The terms, classifications, qualifications and election of the Board of Directors and the filling of vacancies thereon shall be as provided herein or in the By-laws to the extent not inconsistent with the provisions of this Certificate of Incorporation. The members of the Board of Directors shall be divided into three classes, namely Class I, Class II and Class III, each of which shall be of equal size. The classification shall be such that the term of office of one class shall expire each succeeding year. The term of office of Class I expired at the 1996 annual meetings of stockholders, the term of office of Class II expired at the 1998 annual [1997 handwritten] meeting of stockholders, and the term of office of Class III expired at the 1997 annual meeting [1998 handwritten] of stockholders. Accordingly, the term of office of Class II will expire at the 2000 annual meeting of stockholders, the term of office of Class III will expire at the 2001 annual meeting of stockholders, and the term of office of Class I will expire at the 1999 annual meeting of stockholders.

Members of the various classes of the Board of Directors shall consist only of those individuals who are at the time of their election an eligible candidate by virtue of satisfying the qualifications described below and who thereafter continue to satisfy the qualifications described below. The term of office of any incumbent director shall be shortened and shall automatically expire, and such individual's seat shall immediately become vacant, by reason of such director's failure to continue to satisfy a qualification requirement after such director's election to the Board of Directors and initial qualification.

Three members of the Board of Directors shall be qualified to serve by virtue of being the President (or other chief executive officer) of the Union and two other individuals who are designated by certification of the Executive Committee (or other executive person or body functioning as its successor) of the Union (collectively, the "Union Directors"). As used in this Certificate of Incorporation, "Union" means the recognized collective bargaining agent of the hourly employees at the Corporation's Irvine, PA facility.

Three members of the Board of Directors shall be qualified to serve by virtue of being the President (or other chief executive officer) of the Corporation and two other

individuals who are designated by certification of such President (collectively, the "Management Directors").

Three members of the Board of Directors shall be qualified to serve by virtue of being individuals who are not employees of the Corporation (or its wholly-owned subsidiary National Forge Company, a Pennsylvania corporation ("NFC")) or members of the Union (collectively, the "Independent Directors"). No nomination of any candidate for election by stockholders as an Independent Director shall be eligible for consideration unless a written statement setting forth such candidate's name, qualifications and background is delivered to the Nominating Committee of the Board of Directors (or if no such committee is then constituted, then to the Board of Directors) not less than forty (40) days before the annual or special meeting at which an election for directors is to occur, or, if notice of the annual or special meeting is given less than fifty (50) days before the meeting, no more than ten (10) days after the announcement. The Nominating Committee (or if no such Committee is constituted, then the Board of Directors) shall certify only such number of candidates for election as Independent Directors as there are open Independent Director positions.

Each class shall consist of not more than one Union Director, one Management Director and one Independent Director.

No director need be a stockholder of the Corporation.

Subject to the foregoing and to the requirement set forth above that each director shall at all times satisfy the qualifications to be a director described herein for the particular category pursuant to which they were elected to be a director, at each annual meeting of stockholders the successors to the class of directors whose term shall then expire shall be elected to hold office for a term expiring at the third succeeding annual meeting and thereafter until their successors shall be duly elected and qualified.

Any vacancy occurring in the Board of Directors, whether from death, resignation, retirement, disqualification, removal from office or other cause, shall be filled from among eligible candidates of the same category (i.e., Union, Management or Independent candidates) as held the vacant seat immediately prior to the vacancy, solely by the concurring vote of a majority of the directors then in office, whether or not a quorum, and any director so chosen shall hold office for the remainder of the full term of the class of directors in which the vacancy occurred and until such director's successor shall have been duly elected and qualified (so long as such director remains qualified).

No director may be removed except for cause and then only by an affirmative vote of at least two-thirds of the votes of all outstanding shares of stock of the Corporation entitled to vote at any annual meeting of stockholders or any special meeting of stockholders called for such purpose by a majority of the entire Board of Directors or by a written request of a majority of the votes of all outstanding shares of stock of the Corporation entitled to vote. If cause exists for removal of a director, the Board may, but shall not be required to, call a special meeting of shareholders for the purpose of a vote on removal of the director. At least thirty (30), but not more than sixty (60) days prior to such meeting of stockholders, written notice shall be

sent to the director or directors whose removal will be considered at such meeting. Upon such affirmative vote to remove any director, the office of such removed director shall immediately become vacant. As used in this paragraph, "cause" shall include:

1. Any breach of the fiduciary duty owed by a director to the Corporation;

2. Any conviction of (or a plea of no contest with respect to a charge of having committed) a felony or a misdemeanor involving moral turpitude;

3. Any failure by a director to disclose to the Corporation any conflict of interest;

4. Any acceptance by a director of a position as a director or employee of a competitor of the Corporation without Board approval; and

5. Any failure to attend six consecutive meetings of the Board of Directors and any Board Committee of which a director is a member.

Any vacancy on the Board of Directors due to death, disability, resignation, removal or other cause shall be filled as promptly as practicable with a candidate having the same qualifications as the terminated Director by vote of a majority of the remaining directors. Such Director shall serve for the remaining unexpired term of the terminated Director.

SIXTH. By-laws. Except as otherwise provided in Article TENTH, the By-laws of the Corporation may be altered, amended or repealed by the affirmative vote of a majority of the whole Board of Directors at any regular or special meeting duly convened after notice of that purpose, subject always to the power of the stockholders to adopt, amend or repeal the by-laws.

SEVENTH. Amendment. The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute, provided such amendment, alteration, change or repeal is (a) approved by the affirmative vote of eighty (80%) percent of the votes cast at an annual or special meeting of the stockholders with all shares voting as a single class and (b) authorized in accordance with the provisions of Article TENTH or ELEVENTH, if applicable. All rights conferred upon stockholders, directors and officers herein are granted subject to this reservation.

EIGHTH. Stockholder Action. No corporate action may be taken by stockholders at any time other than at the annual meeting or at a special meeting. Except as set forth in Article FIFTH (regarding special meetings called for the purpose of removing a director), special meetings may be called by the officer designated as the President of the Corporation, the President of the Union, any three members of the Board of Directors or upon the written request of a majority of the votes of all outstanding shares of stock of the Corporation entitled to vote, in accordance with the procedures set forth in the By-laws.

Meetings of stockholders shall be held within the Commonwealth of Pennsylvania. The books of the Corporation shall be kept in the Commonwealth of Pennsylvania at such place or places as may be from time to time designated by the Board of

Directors or in the By-laws of the Corporation. Election of directors need not be by ballot unless the By-laws of the Corporation shall so provide.

NINTH. <u>Limitation on Liability; Indemnification</u>. No director of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except to the extent such elimination from liability thereof is not permitted under the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended. Any modification or repeal of any provision of this Article NINTH shall not adversely affect any right or protection of a director of the Corporation existing hereunder with respect to any act or omission occurring prior to such modification or repeal.

The Corporation shall indemnify and hold harmless, to the fullest extent now or hereafter permitted by law, each director or officer (including each former director or former officer) of the Corporation who was or is made a party to or witness in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative by reason of the fact that he is or was an authorized representative of the Corporation, against all expenses (including attorneys' fees and disbursements), judgments, fines (including, but not limited to, excise taxes and penalties) and amounts paid in settlement actually and reasonably incurred by him or her in connection with such action, suit or proceeding; provided, however, that the Corporation shall indemnify and hold harmless each director or officer of the Corporation in connection with any proceeding initiated by such director or officer only if the proceeding was authorized by the Board of Directors. The Corporation shall pay expenses (including attorneys' fees and disbursements) incurred by any such director or officer of the Corporation in defending or appearing as a witness in any such action, suit or proceeding in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay all such amounts if it shall ultimately be determined that he or she is not entitled to be indemnified under this Article NINTH or otherwise. Any modification or repeal of any provision of this Article NINTH shall not adversely affect any right or protection of a director or officer of the Corporation existing hereunder with respect to any act or omission occurring prior to such modification or repeal.

Any indemnification under this Article NINTH shall be made by the Corporation to the fullest extent permissible under the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended. If a claim for indemnification or payment of expenses under this Article NINTH is not paid in full within ninety (90) days after a written claim therefor has been received by the Corporation, the claimant may file suit to recover the unpaid amount of such claim, and the Corporation shall have the burden of proving that the claimant was not entitled to the requested indemnification or payment of expenses under applicable law.

The rights provided by, or granted pursuant to, this Article NINTH shall not be deemed exclusive of any other rights to which any director or officer seeking indemnification or advancement of expenses may be entitled under any statute, provision of this Certificate of Incorporation, by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such director's or officer's official capacity and as to action in another

capacity while holding such office or position, and shall continue as to any director or officer of the Corporation who has ceased to be a director or officer of the Corporation and shall inure to the benefit of the heirs, executors and administrators of such director or officer.

For the purposes of this Article NINTH, the term "authorized representative" shall mean a director, officer, employee or agent of the Corporation or of any subsidiary of the Corporation, or a trustee, custodian, administrator, committeeman or fiduciary of any employee benefit plan established and maintained by the Corporation or by any subsidiary of the Corporation, or a person who is or was serving another corporation, partnership, joint venture, trust or other enterprise in any of the foregoing capacities at the request of the Corporation.

In addition to any requirement of law or any other provision of this Certificate of Incorporation, the affirmative vote of the holders of 90% or more of the voting power of the then outstanding stock of the Corporation entitled to vote thereon, voting together as a single class, shall be required to amend or repeal this Article NINTH. Any such amendment or repeal shall be effective prospectively only and shall not adversely alter any right or protection of a director or officer or his or her heirs, executors or administrators existing under this Article NINTH with respect to any act or omission occurring prior to such amendment or repeal.

TENTH. Notwithstanding any other provision of this Certificate of Incorporation and except as provisions of applicable law require a higher percentage, in addition to any requirement of law, the following transactions shall require for their approval the favorable vote of a majority of the entire Board of Directors (which majority shall include at least one Management Director, one Union Director and one Independent Director) and the holders of a majority of the outstanding shares of Common Stock:

Any amendment or alteration to this Certificate of Incorporation or the By-laws of the Corporation which would: (i) amend, alter, change, limit, modify, repeal or affect in any way any provision of the Certificate of Incorporation or of the By-laws relating to the qualifications for being a member of the Board of Directors, the classification of the Board of Directors, the nomination procedures relating to the Independent Directors or the number of members constituting the entire Board of Directors; or (ii) amend, alter, change or repeal any of the provisions of this Article TENTH.

ELEVENTH. (a)   Notwithstanding any other provision of this Certificate of Incorporation, the following transactions shall require for their approval the favorable votes of not less than sixty-six percent (66%) of the votes of all outstanding shares of Common Stock of the Corporation entitled to vote:

(i)   the merger or consolidation of the Corporation or NFC with or into one or more corporations or other entities wherein the agreement of merger or consolidation, as the case may be, is required by the laws of the State of Delaware or any other jurisdiction to be submitted to the stockholders of the Corporation for their approval;

(ii)   the sale, lease, exchange, transfer or other disposition of assets representing more than 40% of the value of the Corporation or NFC, excluding any sale or other

disposition of obsolete equipment or inventory, with the value of the Corporation or NFC, as the case may be, for such purposes being the sum of the equity value of the Corporation or NFC, as the case may be, according to the most recent ESOP valuation plus the amount of the Corporation's or NFC's, as the case may be, long-term debt plus the current portion of the Corporation's or NFC's, as the case may be, long-term debt as of the end of the most recently ended fiscal year determined in accordance with generally accepted accounting principles consistently applied;

> (iii)    the liquidation, dissolution or winding up of the Corporation or NFC;

> (iv)    any increase in the authorized capital of the Corporation; or

> (v)    any acquisition of another company, whether by asset purchase or purchase of all of the outstanding stock thereof, for a price exceeding 40% of the value of the Corporation or NFC, as the case may be, with the value of the Corporation or NFC, as the case may be, for such purposes being the sum of the equity value of the Corporation or NFC, as the case may be, according to the most recent ESOP valuation plus the amount of the Corporation's or NFC's, as the case may be, long-term debt plus the current portion of the Corporation's or NFC's, as the case may be, long-term debt as of the end of the most recently ended fiscal year determined in accordance with generally accepted accounting principles consistently applied.

(b)    In connection with its determination whether the Corporation shall engage in any of the transactions described in paragraph (a) of this Article ELEVENTH, the Board of Directors of the Corporation shall, subject to any other requirement of law as to its fiduciary duties to the Corporation and its stockholders, consider in addition to any value from a financial point of view proposed to be provided to stockholders the interests of the Corporation's employees and of each community and the economies of the city, surrounding area and state, in which the Corporation has substantial operations.

TWELFTH.    This Corporation has been established to have at least a majority of its stock owned by employees through an ESOP. Employee ownership will be a valued aspect of the company's culture which is expected to contribute to its success by assuring that the profits achieved by the work, creativity and loyalty of its employees are used for the benefit of the employee-owners. To this end, it is intended that the company will continue, as a majority employee-owned company. The Board of Directors may, in its discretion, take any appropriate actions to preserve employee ownership, but shall not be required to take any such action.

THIRTEENTH.    This Restated Certificate of Incorporation of National Forge Company Holdings, Inc. was duly adopted in accordance with the provisions of Section 245 of the General Corporation Law of the State of Delaware.

A156