IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

IN RE:                                                )
                                                      )
NATIONAL FORGE COMPANY, *et al.*,                     )
                                                      )
                    Debtors.                          )
_____)
                                                      )
OFFICIAL COMMITTEE OF UNSECURED                       )
CREDITORS OF NATIONAL FORGE                           )
COMPANY,                                              )
                                                      )
                    Plaintiff,                        )
                                                      )
               and                                    )
                                                      )
OFFICIAL COMMTTEE OF RETIREES                         )     CA: 04-21 ERIE
OF NATIONAL FORGE COMPANY,                            )
                                                      )
                    Interveners                       )
                                                      )
          v.                                          )     JURY TRIAL DEMANDED
                                                      )
E. ROGER CLARK both Individually and/or as )
an Officer and/or Director of National Forge          )
Company and/or National Forge Company                 )
Holdings, Inc.; MAURICE J. CASHMAN, both  )
Individually and/or as an Officer and Director of )
National Forge Company and/or National Forge )
Company Holdings, Inc.; DANA BEYELER,        )
both Individually and/or as an Officer of National)
Forge Company; ROBERT A. KAEMMERER,   )
both Individually and/or as an Officer of National)
Forge Company and/or National Forge Company)
Holdings, Inc.; THOMAS H. JACKSON, both     )
Individually and/or as an Officer of National     )
Forge  Company, Inc.; CHARLES R. OLSON,    )
both Individually and/or as an Officer of National)
Forge Company, Inc.; DANIEL ANTOS;            )
WILLIAM D. BAILEY; RICHARD A.                 )

BREWSTER; JAMES E. CALDWELL; LARRY)
CAMPBELL; JAMES C. CONFER; RICHARD )
D'ALESSANDRO; DONALD FISSEL; JAMES )
B. HARRIS; ASHOK K. KHARE; CARL J.　　)
LUPPINO; CLARENCE E. MASON; HAROLD )
MURPHY; PHILIP R. NONOSEL; JAMES D.　)
RUHLMAN; PHILLIP R. SIMONS; GLENN E. )
TURK; RONALD L. YOUNG; BARRY　　　　)
ZISCHKAU; J.P. MORGAN CHASE & CO., as )
a Lender and An Agent on Behalf of Certain　)
Lenders Under Various Amendments to　　　)
Amended and Restated Credit Agreement dated )
April 6, 1998; FLEET BUSINESS CREDIT　　)
CORPORATION; and NATIONAL CITY　　　)
BANK OF PENNSYLVANIA　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendants.　　　　)
　　　　　　　　　　　　　　　　　　　　)

## AMENDED COMPLAINT

Plaintiff, the Official Committee of Unsecured Creditors of National Forge Company (hereinafter referred to as the "Committee"), by its counsel, LEECH TISHMAN FUSCALDO & LAMPL, LLC, as and for its Amended Complaint alleges as follows upon information and belief, based on its investigation of the matters alleged and on documents available as a result of such investigation:

## NATURE OF ACTION

1.　　　This is an action pursuant to sections 5104, 5105 and 5107 of the Pennsylvania Uniform Fraudulent Transfer Act (the "PA UFTA"), sections 1551, 1712 and 1713 of Pennsylvania Business Corporation Law ("PA BCL"), sections 160, 173 and 174 of Delaware General Corporation Law, Delaware common law and sections 544 and 550 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.,* to avoid and recover payments made by the Debtors to, or for

the benefit of, Transferee Defendants (defined below), between March 6, 1998 and March 6, 2002, and to avoid liens created under amendments to a credit agreement.

## JURISDICTION AND VENUE

2.      National Forge Company ("NFC") and National Forge Company Holdings, Inc. ("NFC Holdings") (collectively referred to as the "Debtors") separately filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* on March 6, 2002 (the "Filing Date").

3.      By Order of Court dated March 12, 2002, the above cases were consolidated for joint administration under National Forge Company at Case No. 02-10488.

4.      This proceeding arises under or in, or is related to, the Chapter 11 Case.

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(a) and 1334(b), 11 U.S.C. §§105, 544 and 550, Federal Rule of Bankruptcy Procedure 7001 and the Order of the United States District Court for the Western District of Pennsylvania referring all matters relating to pending bankruptcy cases to the Bankruptcy Court.

6.      This is a "core proceeding" pursuant to 28 U.S.C. § 157(b).

7.      Venue is proper in this district pursuant to 2 8 U.S.C. § 1409(a).

## THE PARTIES

8.      Plaintiff is the Official Committee of Unsecured Creditors of NFC appointed by the Office of the United States Trustee on March 21, 2002.

9.      Plaintiff has authority to proceed with this action by Order of this Court dated May 26, 2005.

10.     Defendant E. Roger Clark is an adult individual residing at 4 Songbird, Warren, PA 16365, and at -all times relevant to this Complaint was an officer and director of NFC and/or NFC Holdings.

11.     Defendant Maurice J. Cashman is an adult individual residing at 102 Central Avenue, Warren, PA 16365, and at all times relevant to this Complaint was an officer and director of NFC and/or NFC Holdings.

12.     Defendant Dana Beyeler is an adult individual residing at 17 Valley View Drive, Russell, PA 16345, and at all times relevant to this Complaint was an officer and director of NFC and/or NFC Holdings.

13.     Defendant Robert A. Kaemmerer is an adult individual residing at 11 Fourth Avenue, Warren, PA 16365, and at all times relevant to this Complaint was an officer and director of NFC and/or NFC Holdings.

14.     Defendant Thomas H. Jackson is an adult individual residing at 305 West 5th Avenue, Warren, PA 16365, and at all times relevant to this Complaint was an officer of NFC.

15.     Defendant Charles R. Olson is an adult individual residing at 1599 Jackson Run Road, Warren, PA  16365 and at all times relevant to this Complaint was an officer of NFC and/or NFC Holdings.

16.     The Defendants set forth in Paragraphs 10 through 15 above hereinafter collectively are referred to as the "Directors."

17.     Defendant Daniel Antos is an adult individual residing at 405 Quaker Hill Road, Warren, PA 16365.

18.     Defendant William D. Bailey is an adult individual residing at 4 Mader Drive, Warren, PA  16365.

4

19.     Defendant Richard A. Brewster is an adult individual residing at 169 2nd Street, Youngsville, PA 16371.

20.     Defendant Larry Campbell is an adult individual residing at 28 Greene Avenue, Warren, PA 16365.

21.     Defendant James E. Caldwell is an adult individual residing at 665 State Street, Meadville, PA 16335.

22.     Defendant James C. Confer is an adult individual residing at 6 Belmont Drive, Warren, PA 16365.

23.     Defendant Richard D'Alessandro is an adult individual residing at Mohawk Avenue Ext., Clarendon, PA 16313.

24.     Defendant Donald Fissel is an adult individual residing at 517 Quaker Hill Road, Warren, PA 16365.

25.     Defendant James B. Harris is an adult individual residing at 1 Kimberly Court, Warren, PA 16365.

26.     Defendant Ashok K. Khare is an adult individual residing at 5 Leslie Drive, Warren, PA 16365.

27.     Defendant Carl J. Luppino is an adult individual residing at 13 Duke Drive, Warren, PA 16365.

28.     Defendant Clarence E. Mason is an adult individual whose last known business address is 1 Front Street, Irvine, PA 16329.

29.     Defendant Harold Murphy is an adult individual whose last known business address is 1 Front Street, Irvine, PA 16329.

30.    Defendant Philip R. Novosel is an adult individual residing at 1300 Jackson Run Road, Warren, PA 16365.

31.    Defendant James D. Ruhlman is an adult individual whose last known business address is 1 Front Street, Irvine, PA 16329.

32.    Defendant Phillip R. Simons is an adult individual whose last known business address is 1 Front Street, Irvine, PA 16329.

33.    Defendant Glenn E. Turk is an adult individual residing at 641 Keller Road, Warren, PA 16365.

34.    Defendant Ronald L. Young is an adult individual whose last known business address is 1 Front Street, Irvine, PA 16329.

35.    Defendant Barry Zischhau is an adult individual whose last known business address is 1 Front Street, Irvine, PA 16329.

36.    The Defendants set forth in Paragraphs 10 through 35 above hereinafter collectively are referred to as the "Transferee Defendants."

37.    Defendant J.P. Morgan Chase & Co. is a financial institution with its principal office located at 270 Park Avenue, New York, NY 10017-2070 (hereinafter referred to as "J.P. Morgan").

38.    Defendant Fleet Business Credit Corporation is a financial institution, c/o Joel M. Walker, Esquire, Buchanan Ingersoll, One Oxford Centre, 20th Floor, 301 Grant Street, Pittsburgh, PA 15219 (hereinafter referred to as "Fleet").

39.    Defendant National City Bank of Pennsylvania is a financial institution, c/o Joel M. Walker, Esquire, Buchanan Ingersoll, One Oxford Centre, 20th Floor, 301 Grant Street, Pittsburgh, PA 15219 (hereinafter referred to as "National City").

40.    The Defendants set forth in Paragraphs 37 through 39 above hereinafter are collectively referred to as the "Lenders."

## THE FACTS

### I. Background

41.    NFC was a producer of heavy, precision-machined, forged steel components with its principal plant located in Irvine, Pennsylvania ("Irvine Plant").

42.    NFC is a wholly owned subsidiary of NFC Holdings.

43.    NFC Holdings was formed in 1995 to facilitate the NFC's employees' acquisition of the Irvine Plant and Mitchell, Shackleton & Co., Ltd., a corporation in Manchester, England ("MSL"), from the RCR Group, Inc.

44.    On June 29, 1995, NFC Holdings issued 145,000 shares of the Class B Stock to certain officers and employees of the Company for approximately $1,601,000.

45.    The Board of Directors of NFC and the Board of Directors of NFC Holdings were comprised of the same members and generally conducted joint meetings.

46.    The ownership of NFC Holdings was comprised of two classes of equity: Class A Common Stock owned by NFC Holdings Employee Stock Ownership Plan ("ESOP") Trust; and Class B Stock owned by officers and management employees of NFC and/or NFC Holdings.

47.    On or about December 22, 1998, the Board of Directors of NFC and/or NFC Holdings held a special meeting to consider and approve converting from a "C" corporation to an "S" corporation. During the same meeting, the Board of Directors of NFC and/or NFC Holdings approved the Stock Cancellation/cancellation of the Class B stock (the "Stock Cancellation"), the authorization to borrow funds sufficient to complete the Stock Cancellation, and the approval to amend the ESOP to limit to cash only distributions from the ESOP.

48.     In order to fund the Stock Cancellation, on or about March 29, 1999, NFC, NFC Holdings, National Forge Europe Limited, and the Lenders entered into Amendment No. 1 to Amended and Restated Credit Agreement dated April 6, 1998 which allowed NFC to borrow and amount not to exceed $4,000,000.00 (the "Loan").

49.     The Loan was secured by a lien upon the property of the Debtors (the "Lien").

50.     On information and belief, on April 13, 1999, NFC directed the Chase Manhattan Bank to transfer $5,749,868.74 from NFC's operating account into NFC Holdings' bank account also with the Chase Manhattan Bank (the "NFC Holdings Transfer").

51.     On information and belief, NFC did not receive adequate consideration for the transfer of $5,749,868.74 to NFC Holdings.

52.     On or about April 13, 1999, NFC and/or NFC Holdings redeemed/cancelled all outstanding shares of Class B stock from the Transferee Defendants and their respective IRA accounts at a price of $49.42 per share in the amounts shown on Exhibit A attached hereto to this Complaint (the "Distributions").

53.     The Stock Cancellation totaled $5,749,868.74 of which approximately $1,080,000 was paid directly to management shareholders, and approximately $4,670,000 million was paid to IRA accounts in the name of management shareholders.

54.     The book value of NFC and/or NFC Holdings was depleted by approximately 45%, from $17,764,000 to $9,679,000, as a result of the Stock Cancellation. Intangible assets, including goodwill, were valued at approximately $19,000,000 and included in the book value.

55.     On June 28, 1999, at a special meeting of ESOP participants, the participants voted to eliminate all existing classes of equity and authorized 635,000 shares of Common Stock as a replacement of the Class A Common Stock.

56.    At the time the Stock Cancellation took place and the distributions were made to the Defendants, NFC and/or NFC Holdings: (i) were insolvent or becoming insolvent as a result of the Stock Cancellation; (ii) had unreasonably small capital; (iii) could not pay debts as they came due; and (iv) did not receive a reasonably equivalent value for the Stock Cancellation.

## COUNT I - FRAUDULENT TRANSFER
### Section 5105 of PA UFTA and Section 544(b) of the Bankruptcy Code

57.    Paragraphs 1 through 56 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth.

58.    On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

59.    The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Defendants under the direction of their Officers and/or Directors, on or about April 13, 1999, totaling $5,749,868.74, was made on or within four (4) years of the Filing Date.

60.    At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made by NFC and/or NFC Holdings to the Transferee Defendants, pursuant to 11 U.S.C. § 544(b)(1) there existed a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

61.    NFC and/or NFC Holdings, under the direction of their Officers and/or Directors, made the NFC Holdings Transfer and each of the Distributions to the Transferee Defendants at a

time when NFC and/or NFC holdings was insolvent, or would be rendered insolvent, by such transfer.

62.    NFC and/or NFC Holdings did not receive a reasonably equivalent value in exchange for the NFC Holdings Transfer or each Distribution to the Transferee Defendants.  The NFC Holdings Transfer and each of the Distributions by NFC and/or NFC Holdings to the Transferee Defendants on or about April 13, 1999 constitutes a fraudulent transfer pursuant to Section 5105 of the PA UFTA and therefore, under Section 5107 of the PA UFTA should be set aside, annulled and or disregarded.

63.    Pursuant to Section 5107 of the PA UFTA, the Lien held by the Lenders as a result of the Loan that funded the Stock Cancellation should be set aside, annulled and or disregarded.

64.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Defendants the full value of the NFC Transfer and each of the Distributions paid to the Transferee Defendants.

65.    Plaintiff is entitled to recover the full value of the payments paid to the Transferee Defendants from the Transferee Defendants under Section 5107 of the PA UFTA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court avoid the NFC Holdings Transfer and each of the Distributions from NFC and/or NFC Holdings to the Transferee Defendants as set forth on Exhibit A that were made within four (4) years of the filing date, avoid the Liens held by the Lenders that secure the Loan that provided funds for the Stock Cancellation, and enter Judgment in favor of Plaintiff and against each Transferee Defendants in the respective amount set forth on Exhibit A, totaling $5,749,868.74, the full value of the Distributions, plus interest, costs and attorney fees.

## COUNT II - FRAUDULENT TRANSFER
## Section 5104(a)(1) of the PA UFTA and Section 544(b) of the Bankruptcy Code

66.    Paragraphs I through 65 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth.

67.    On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

68.    The NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants by NFC and/or NFC Holdings under the direction of their Officers and/or Directors, on or about April 13, 1999, totaling $5,749,868.74, was made on or within four (4) years of the Filing Date.

69.    At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made by NFC and/or NFC Holdings to the Transferee Defendants, pursuant to 11 U.S.C. § 544(b)(1) there existed a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

70.    The NFC Holdings Transfer and each of the Distributions made to the Defendants by NFC and/or NFC Holdings were made at a time when the Officers and/or Directors of NFC and/or NFC Holdings knew or should have known that NFC and/or NFC Holdings was going through financial distress at the detriment of NFC's and/or NFC Holdings' creditors.

71.    NFC and/or NFC Holdings, under the direction of their Officers and/or Directors, made the NFC Holdings Transfer and each of the Distributions to the Transferee Defendants with the actual intent to hinder, delay and/or defraud NFC and/or NFC Holdings' creditors.

72.    The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants, on or about April 13, 1999, constitutes a fraudulent transfer pursuant to Section 5104(a)(1) of the PA UFTA and, therefore, under Section 5107 of the PA UFTA should be set aside, annulled and or disregarded.

73.    Pursuant to Section 5107 of the PA UFTA, the Lien held by the Lenders as a result of the Loan that funded the Stock Cancellations should be set aside, annulled and or disregarded.

74.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Transferee Defendants the full value of the NFC Transfer and each of the Distributions paid to the Transferee Defendants.

75.    Plaintiff is entitled to recover the full value of each of the Distributions paid to the Transferee Defendants from the Transferee Defendants under Section 5107 of the PA UFTA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court avoid the NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants as set forth on Exhibit A that were made within four (4) years of the filing date, avoid the Liens held by the Lenders that secure the Loan that provided funds for the Stock Cancellation, and enter Judgment in favor of Plaintiff and against the Transferee Defendants in the respective amounts set forth on Exhibit A, totaling $5,749,868.74, the full value of the Distributions, plus interest, costs and attorney fees.

## COUNT III - FRAUDULENT TRANSFER
### Section 5104(a)(2) of the PA UFTA and Section 544(b) of the Bankruptcy Code

76.     Paragraphs 1 through 75 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth.

77.     On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

78.     The NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants by NFC and/or NFC Holdings under the direction of their Officers and/or Directors, on or about April 13, 1999, totaling $5,749,868.74, was made on or within four (4) years of the Filing Date.

79.     At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made by NFC and/or NFC Holdings to the Transferee Defendants, pursuant to 11 U.S.C. § 544(b)(1) there existed a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

80.     Subsequent to NFC and/or NFC Holdings making the NFC Holdings Transfer and each of the Distributions to the Transferee Defendants, under the direction of the Officers and/or Directors of NFC and/or NFC Holdings, the remaining assets of NFC and/or NFC Holdings were unreasonably small in relation to the transaction.

81.     NFC and/or NFC Holdings, under the direction of their Officers and/or Directors, made the NFC Holdings Transfer and each of the Distributions to the Transferee Defendants at a time when NFC and/or NFC Holdings intended to incur, or believed or reasonably should have

13

believed that NFC and/or NFC Holdings would incur debts beyond its ability to pay as they became due.

82.    NFC and/or NFC Holdings did not receive reasonably equivalent value in exchange for the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

83.    The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants, on or about April 13, 1999, constitute a fraudulent transfer pursuant to Section 5104 of the PA UFTA and, therefore, under Section 5107 of the PA UFTA should be set aside, annulled and or disregarded.

84.    Pursuant to Section 5107 of the PA UFTA, the Lien held by the Lenders as a result of the Loan that funded the Stock Cancellations should be set aside, annulled and or disregarded.

85.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Transferee Defendants the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

86.    Plaintiff is entitled to recover the full value of the Distributions paid to the Transferee Defendants from the Transferee Defendants under Section 5107 of the PA UFTA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court avoid the NFC Holdings Transfer and each of the Distributions made by NFC and/or NFC Holdings to the Transferee Defendants that were made within four (4) years of the filing date, avoid the Liens held by the Lenders that secure the Loan that provided funds for the Stock Cancellations, and enter Judgment in favor of Plaintiff and against the Transferee Defendants in the respective

amounts set forth on Exhibit A, totaling $5,749,868.74, the full value of the transfers, plus interest, costs and attorney fees.

## COUNT IV
## Sections 1551 and 1553 the PA BCL and Section 544(b) of the Bankruptcy Code

87.     Paragraphs 1 through 86 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth herein.

88.     On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

89.     At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made to the Transferee Defendants, under the direction of the Officers and/or Directors of NFC and/or NFC Holdings, NFC and/or NFC Holdings was unable to pay its debts as they became due in the usual course of its business.

90.     The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants, on or about April 13, 1999, constitutes a violation of Section 1551 of the PA BCL.

91.     Pursuant to the PA BCL, Plaintiff is entitled to recover from the Officers and Directors, jointly and severally, the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

92.     Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Officers and/or Directors the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against the Officers and/or Directors of NFC and NFC Holdings, jointly and severally, in the aggregate amount of $5,749,868.74, plus punitive damages, interest, costs and attorney fees.

## COUNT V
## Sections 1551 and 1553 of the PA BCL and Section 544(b) of the Bankruptcy Code

93.    Paragraphs 1 through 92 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth herein.

94.    On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

95.    At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made to the Transferee Defendants, under the direction of the Officers and/or Directors of NFC and/or NFC Holdings, the total assets of NFC and/or NFC Holdings were less than the sum of their total liabilities.

96.    The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants, on or about April 13, 1999, constitutes a violation of Section 1551 of the PA BCL.

97.    Pursuant to the PA BCL, Plaintiff is entitled to recover from the Officers and Directors of NFC and/or NFC Holdings, jointly and severally, the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

98.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Officers and/or Directors of NFC and/or NFC Holdings the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against the Officers and/or Directors of NFC and/or NFC Holdings, jointly and severally, in the aggregate amount of $5,749,868.74, plus punitive damages, interest, costs and attorney fees.

## COUNT VI
### Sections 1712 and 1713 of the PA BCL: Breach of Fiduciary Duty

99.    Paragraphs 1 through 98 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth herein.

100.    On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

101.    At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made to the Transferee Defendants, under the direction of the Officers and/or Directors of NFC and/or NFC Holdings, the total assets of NFC and/or NFC Holdings were less than the sum of their total liabilities.

102.    The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants, on or about April 13, 1999, constitutes a violation of Section 1712 of the PA BCL.

103.    Pursuant to the PA BCL, Plaintiff is entitled to recover from the Officers and/or Directors of NFC and/or NFC Holdings, jointly and severally, the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

104.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Officers and/or Directors of NFC and/or NFC Holdings the full value of each of the NFC Holdings Transfer and the Distributions paid to the Transferee Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against the Officers and/or Directors of NFC and/or NFC Holdings, jointly and severally, in the aggregate amount of $5,749,868.74, plus punitive damages, interest, costs and attorney fees.

**COUNT VII**
**Sections 160, 173 and 174 of Delaware General Corporation Law**
**and Section 544(b) of the Bankruptcy Code**

105.    Paragraphs 1 through 103 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth herein

106.    On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

107.    At the time of NFC Holdings Transfer was made to NFC Holdings and the Distributions were made to the Transferee Defendants, under the direction of the Officers and/or Directors of NFC and/or NFC Holdings, the total assets of NFC and/or NFC Holdings were less than the sum of their total liabilities.

108.    At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made to the Transferee Defendants, the capital of NFC and/or NFC Holdings was impaired and/or the NFC Holdings Transfer and/or the Distributions caused the capital of NFC and/or NFC Holdings to be impaired.

109.    The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants, on or about April 13, 1999, constitutes a violation of Section 160 and 173 of the Delaware General Corporation Law.

110.    Pursuant to the Delaware General Corporation Law, Plaintiff is entitled to recover from the Officers and/or Directors of NFC and NFC Holdings, jointly and severally, the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

111.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Officers and/or Directors of NFC and/or NFC Holdings the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against the Officers and/or Directors of NFC and NFC Holdings, jointly and severally, in the aggregate amount of $5,749,868.74, plus punitive damages, interest, costs and attorney fees.

## COUNT VIII
## Delaware Common Law Breach of Fiduciary Duty

112.    Paragraphs 1 through 110 of Plaintiff's Complaint are incorporated herein by reference as if fully set forth herein.

19

113.    On or about April 13, 1999, the board of directors of NFC and/or NFC Holdings directed Chase Manhattan Bank to make the NFC Holdings Transfer described in Paragraph 50, after which NFC Holdings paid to the Transferee Defendants the Distributions in an aggregate amount of $5,749,868.74.

114.    At the time the NFC Holdings Transfer was made to NFC Holdings and the Distributions were made to the Transferee Defendants, under the direction of the Officers and/or Directors of NFC and/or NFC Holdings, the total assets of NFC and/or NFC Holdings were less than the sum of their total liabilities.

115.    The NFC Holdings Transfer and each of the Distributions paid by NFC and/or NFC Holdings to the Transferee Defendants, on or about April 13, 1999, constitute a violation Delaware's fiduciary duty law, which requires officers and directors to exercise due care, good faith and loyalty to the corporation and their shareholders.

116.    Pursuant to Delaware law, Plaintiff is entitled to recover from the Officers and/or Directors of NFC and/or NFC Holdings, jointly and severally, the full value of the NFC Holdings Transfer and each of the Distributions paid to the Transferee Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against the Officers and/or Directors of NFC and NFC Holdings, jointly and severally, in the aggregate amount of $5,749,868.74, plus punitive damages, interest, costs and attorney fees.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

David W. Lampl, Esquire
PA I.D. No. 28900
John M. Steiner, Esquire
PA I.D. No. 79390
525 William Penn Place
Citizens Bank Building, 30th Floor
Pittsburgh, Pennsylvania 15219
(412) 261-1600
Counsel for the Official Committee of
Unsecured Creditors