Exhibit C
December 22, 1998 Resolution of Board of Directors
Of National Forge Company Holdings, Inc.

**National Forge Company Holdings, Inc.**

Minutes of a Regular Meeting
of the Board of Directors
held December 22, 1998

A meeting of the Board of Directors of National Forge Company Holdings, Inc. was held and convened at the Corporate Boardroom at National Forge Company, Irvine, Pennsylvania, on December 22, 1998 at 11:00 a.m.

Directors attending in person were E. Roger Clark, Ash K. Khare, Dennis L. Peterson, Robert W. Richards and Harry D. Rosequist. The directors participating by telephone were Patrick A. Flanagan, Charles C. Judd, John G. Koedel, Jr. and Stan Lundine. Maurice J. Cashman was present by invitation.

Mr. Clark acted as Chairman of the meeting with Mr. Cashman acting as secretary.

After a presentation and discussion on a proposal for National Forge Company Holdings, Inc. and its domestic subsidiaries to be an S Corporation, the following resolution was unanimously approved.

WHEREAS, pursuant to the Small Business Job Protection Act of 1996 and the Taxpayer Relief Act of 1997, employee stock ownership plans are permitted to be shareholders in corporations taxed under Subchapter S of the Internal Revenue Code of 1986, as amended ("Subchapter S Corporations"); and

WHEREAS, senior management, in consultation with PricewaterhouseCoopers LLC, the Company's professional accounting firm; Kirkpatrick & Lockhart LLP, the Company's legal counsel; and Valumetrics, Inc., the Company's professional valuation advisor (collectively, the Company's "Professional Advisors"), has studied the financial, tax and other implications of causing the Company to elect to be taxed as a Subchapter S Corporation, including the requirements that a Subchapter S Corporation have no more than one class of outstanding stock and no more than 75 shareholders; and

WHEREAS, the Board of Directors of the Company has considered the results of that study and the advice of the Company's Professional Advisors and considers it to be prudent and in the best interests of the Company, its shareholders, and its employees to:

(i) redeem or cash out through a merger the shares of Class B Common Stock of the Company held by certain management shareholders (individually or through their individual retirement accounts) (the "Management Shareholders") so that, following such redemption or merger, the National Forge Company Holdings, Inc. Employee Stock Ownership Plan (the "ESOP") would be the sole shareholder of the Company;

(ii) borrow funds sufficient to enable the Company to complete the redemption or merger;

(iii) amend the ESOP to provide that distributions from the ESOP to participants therein may be made only in the form of cash and not in the form of Company stock; and

(iv) cause the Company to elect to be taxed as a Subchapter S Corporation.

NOW, THEREFORE, IT IS HEREBY

RESOLVED, that the President and Chief Executive Officer of the Company and the Vice President, Chief Financial Officer and Secretary of the Company (the "Designated Officers") are each authorized, on behalf of the Company, to offer to redeem at $49.42 per share from the Management Shareholders, the shares of Class B Common Stock of the Company held by such Management Shareholders and/or their individual retirement accounts, on such terms and conditions as the Designated Officers may deem appropriate (the "Redemption Offer") (such Redemption Offer to be conclusively evidenced by the execution and delivery of the offering materials); provided, however, that such Redemption Offer shall be conditioned upon (i) (a) acceptance of the Redemption Offer by all Management Shareholders and in respect of all outstanding shares of Class B Common Stock of the Company ("Unanimous Acceptance"), or (b) in the absence of Unanimous Acceptance, approval by the Company's shareholders of a merger of the Company as hereinafter described (the "Merger"), and (ii) obtaining all necessary consents to the foregoing redemption and/or the Merger.

FURTHER RESOLVED, that in the event of a Unanimous Acceptance of the Redemption Offer, the Designated Officers are hereby authorized and directed, on behalf of the Company, to redeem the shares of Class B Common Stock held by the Management Shareholders and/or their individual retirement accounts pursuant to the terms and conditions of the Redemption Offer.

FURTHER RESOLVED, that in the event of less than Unanimous Acceptance of the Redemption Offer, each Designated Officer is hereby authorized and directed, on behalf of the Company, to take any and all actions necessary or appropriate to effectuate a merger of the Company with another corporation (organized and established by one or both of the Designated Officers), with the Company designated as the surviving corporation (the "Merger"), for the sole purpose of (i) causing each outstanding share of Class B Common Stock of the Company to be exchanged for an amount of cash equal to the fair value of such Class B Common Stock, and (ii) causing all of the outstanding shares of Class A Common Stock of the Company to be exchanged for shares of the surviving corporation.

FURTHER RESOLVED, that each Designated Officer is hereby authorized and directed to borrow, on behalf of the Company, from Chase Manhattan Bank or another reputable lender, on terms and conditions deemed advisable by either or both of such Designated Officers, funds sufficient to enable the Company to complete the Redemption Offer and/or Merger (such borrowing to be conclusively evidenced by the execution and delivery of a promissory note) and

to obtain from Chase Manhattan Bank such approvals of or consents to the Redemption Offer and/or Merger and Subchapter S Corporation election, and any such other approvals or consents, as the Designated Officers may determine to be necessary or advisable.

FURTHER RESOLVED, that, conditioned upon the consummation of the Redemption Offer and/or the Merger, each of the Designated Officers is hereby authorized and directed, on behalf of the Company, to (i) file Form 2553 with the Internal Revenue Service, designating thereon a July 1 to June 30 tax year, effective for the tax year beginning July 1, 1999, and to obtain necessary shareholder consents in connection therewith, on or before the due date for such filing, and (ii) complete such other filings, make such other elections and take such other actions in connection with the federal income tax status of the Company's direct and indirect subsidiaries as such Designated Officer may deem to be necessary or appropriate.

FURTHER RESOLVED, that each of the Designated Officers is hereby authorized and directed, on behalf of the Company, to amend the ESOP to provide that distributions from the ESOP to ESOP participants shall be made only in the form of cash and may not be made in the form of Company stock (such amendment to be conclusively evidenced by the execution and delivery of an amendment to the ESOP).

FURTHER RESOLVED, that each of the Designated Officers is hereby authorized and directed, on behalf of the Company, to execute and deliver all such documents and instruments and to take or cause to be taken all such further action, as he shall deem necessary or advisable in order to carry into effect the purposes and intent of any and all of the foregoing resolutions.

It was also agreed that the Compensation Committee should meet to design a top management incentive plan and present it to the Board of Directors for consideration prior to July 1, 1999.

By unanimous consent the following resolution was approved.

WHEREAS, National City Bank of Pennsylvania ("National City") is acting under individual Agreements of Trust as Trustee of each of National Forge Company Savings Plan ("Savings Plan"), the National Forge Company Retirement Plan ("Retirement Plan") and the National Forge Company Voluntary Employees Beneficiary Association Plan ("VEBA"); and

WHEREAS, the Company desires to appoint The Chase Manhattan Bank ("Chase") as the successor Trustee of the Retirement Plan and VEBA; and

WHEREAS, the Company desires to appoint Fidelity Management Trust Company ("Fidelity") as successor Trustee of the Savings Plan.

Document9

P116

NOW, THEREFORE, IT IS HEREBY

RESOLVED, that The Chase Manhattan Bank is hereby appointed the successor to the National City Bank of Pennsylvania as Trustee of the National Forge Company Retirement Plan and the National Forge Company Voluntary Employees Beneficiary Association Plan effective as of such dates as may be mutually satisfactory to the Company, National City and Chase.

RESOLVED, that Fidelity Management Trust Company is hereby appointed the successor to National City Bank of Pennsylvania as Trustee of the National Forge Company Savings Plan effective as of such date as may be mutually satisfactory to the Company, National City and Fidelity.

RESOLVED, that the proper officers of the Company be and they hereby are authorized and directed, with the advice of counsel, to negotiate, execute and deliver appropriate Agreements of Trust with Chase with respect to the Retirement Plan and VEBA.

RESOLVED, that the proper officers of the Company be and they hereby are authorized and directed, with the advice of counsel, to negotiate, execute and deliver an appropriate Agreement of Trust with Fidelity with respect to the Savings Plan.

RESOLVED, that the proper officers of the Company are hereby authorized and directed to cause National City to transfer and delivery all the assets of the Retirement Plan and VEBA to Chase as successor Trustee as soon as administratively practical following the execution and delivery of the appropriate Agreements of Trust between the Company and Chase.

RESOLVED, that the proper officers of the Company be and they hereby are authorized and directed to cause National City to transfer and deliver all the assets of the Savings Plan to Fidelity as successor Trustee as soon as administratively practical following the execution and delivery of the appropriate Agreement of Trust between the Company and Fidelity.

RESOLVED, that the proper officers of the Company be and they hereby are authorized and directed, with the advice of counsel, to execute and deliver such additional documents, instruments and agreements as may be necessary or appropriate to carry out the intent and purpose of the foregoing Resolutions.

There being no further business, the meeting was adjourned at 12:00 p.m.

Filed with the minutes of the Board of Directors of National Forge Company Holdings, Inc. this 27th day of January 1999.

_____
Maurice J. Cashman, Secretary