IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NATIONAL FORGE COMPANY, *et, al.* ) | |
| ) | |
| Debtor. ) | |
| ) | |
| OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS OF ) | |
| NATIONAL FORGE COMPANY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| And ) | |
| ) | |
| OFFICIAL COMMITTEE OF RETIREES ) | |
| OF NATIONAL FORGE COMPANY, ) | |
| ) | |
| Intervenors ) | |
| ) C.A. No. 04-21 ERIE | |
| v. ) | |
| ) | |
| E. ROGER CLARK, *et al.* ) | |
| ) | |
| Defendants ) | |

**EXPEDITED MOTION TO EXTEND DEADLINES
IN THE CASE MANAGEMENT ORDER**

AND NOW, come Plaintiff and Intervenors (referred to jointly as the "Plaintiff") by and through their respective undersigned counsel, and hereby move, pursuant to Fed.R.Civ.P. 16(b), Local Rule LR 16.1.2.E and Paragraph 3(b) of the Case Management Order, to Extend Deadlines in the Case Management Order.

1.  On May 26, 2005, this Court entered an Order denying the Defendants' Motion for Reconsideration of the Bankruptcy Court's Order of 11/26/03, which retroactively approved the filing of Adversary Proceeding No. 031014 by the Official Committee of Unsecured Creditors.

2. On July 18, 2005, Defendants filed a Motion for Summary Judgment and a supporting Brief in response to Plaintiff's Complaint.

3. On July 29, 2005, this Court entered a Case Management Order (the "CMO") scheduling the deadlines to which the parties were to adhere. The CMO directed the parties to move to amend their pleading/add new parties by August 15, 2005; to complete discovery on or before October 6, 2005; and to file dispositive motions on or before January 6, 2006 and any responses thereto by January 26, 2006.

4. On August 17, 2005, this Court entered an Order granting Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff filed its Amended Complaint on August 22, 2005.

5. On August 22, 2005, Plaintiff also filed its Response to the Motion for Summary Judgment of Defendants and a Brief in support.

6. On September 7, 2005, this Court entered an Order ("the Order") granting the Defendants' Joint Motion for an Order Allowing Them to Withdraw Their Motion for Summary Judgment and Fixing the Date to Plead to the Amended Complaint.

7. The Order extended the time within which Defendants were to plead to Plaintiff's Amended Complaint to September 26, 2005. It further provided that in the event the Defendants move for summary judgment, Plaintiff shall have until October 17, 2005 to respond thereto and Defendants shall have until October 31, 2005 to file any surreply.

8. On September 22, 2005, pursuant to Joint Motion of the Plaintiff and Defendants, and because of the procedural posture of this case, this Court entered an Order modifying the Case Management Order to extend the close of discovery until February 3, 2006.

9. On September 26, 2005, the Defendants again filed dispositive Motions for Summary Judgment, Briefs and Appendices seeking to dismiss in their entirety all Counts raised in the Plaintiff's Amended Complaint.

10. On October 17, 2005, the Plaintiff filed its Response, Brief in Opposition and Appendix to the Defendants' second Motion for Summary Judgment.

11. On November 4, 2005, the Defendants filed their Reply Brief after the Plaintiff had agreed to an extension of time for them to do so.

12. Argument on the second Summary Judgment is currently set for January 20, 2006.

13. To date, no answer or affirmative defenses have been asserted by the Defendants to the Amended Complaint. Accordingly, the Plaintiff has not had the benefit and opportunity to review and defend against said Answer and Affirmative Defenses, if any, let alone request any discovery on the same. The Plaintiff submits that this case has not exited the pleading stage and that it would be premature to foreclose the Plaintiff from any further discovery after February 3, 2006.

14. Since this Court denied the Motion for Reconsideration of the Defendants and gave the Plaintiff standing in May of 2005, the Plaintiff has been diligently prosecuting this case through, among other things, responding and briefing to two separately filed dispositive Motions for Summary Judgment, meeting with the respective Committees, and reviewing substantial and numerous documents. Further, counsel for the Plaintiff is currently reviewing and evaluating possible settlement proposals from the Antos Defendants who have joined in this Motion.

15. Additionally, in July 2005 counsel for the Creditors' Committee and counsel for the Retiree Committee visited National Forge, the site at which the relevant documents are located, only to find floors and rooms full of documents in no particular order. Counsel also

3

found locked cabinets and doors preventing access to certain documents. In November of 2005, the Plaintiff was informed by Maurice Cashman, the Responsible Officer of the Debtor and a Defendant to this action, that a sizeable room full of boxes of documents needed to be removed from their current location at National Forge to another site. Counsel for the Retiree Committee advised Mr. Cashman that the boxes could be moved to Erie, PA and the arrangements to move the documents are presently being made. In September of 2005, counsel for the Creditors' Committee received a large box of documents from Mr. Cashman, which it is currently reviewing.

16. Plaintiff submits (and believed that all the Defendants agreed) that given the procedural posture of this case and the dispositive Summary Judgment Motion currently pending before the Court, requiring extensive discovery, including the taking of numerous depositions, hiring experts, etc., at this phase of the case did not seem prudent and economical for all the parties.

### RELIEF REQUESTED

17. Given the procedural posture of this case and the dispositive Motion for Summary Judgment currently before this Court, the Plaintiff does not believe it to be economically prudent to require the parties to complete discovery by February 3, 2006.

18. The Plaintiff submits that no party will be prejudiced by an extension of the discovery deadline set forth in the current Case Management Order.

19. Pursuant to Local Rule 16.1.2(E), the Plaintiff attempted to confer with Defendants' counsel to seek their agreement to the requested modification. Counsel for the majority of the Defendants, Daniel Antos, William D. Bailey, Richard A. Brewster, Larry Campbell, James E. Caldwell, James C. Confer, Richard D'Allesandro, Donald Fissel, James B.

Harris, Carl J. Luppino, Clarence E. Mason, Harold Murphy, Phillip R. Novosel, Charles R. Olson, James D. Ruhlman, Phillip R. Simons, Glenn E. Turk, Ronald L. Young, Barry Zischkau (the "Antos Defendants") consented to the proposed modification. **Attached hereto as Exhibit A is a copy of the Antos Defendants consent.** Counsel for the Defendants E. Roger Clark, Maurice J. Cashman, Dana Beyeler and Robert A. Kaemmerer disagreed. Counsel for Defendants J.P. Morgan Chase & Co., Fleet Business Credit Corporation and National City Bank of Pennsylvania could not be reached before the filing of the Motion and as such, their position is unknown.

20. In light of the procedural posture and the extensions granted subsequent to this Court's initial Case Management Order, the Plaintiff hereby requests that this Court modify the Case Management Order to extend by 120 days all the deadlines provided therein, except the August 15, 2005 deadline regarding amending pleadings/adding new parties.

WHEREFORE, the Plaintiff requests that this Court enter a Modified Case Management Order in substantially the form of the proposed Modified Case Management Order attached hereto.

Respectfully submitted,

/S/ John M. Steiner
John M. Steiner, Esq.
PA ID No. 79390
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219
(412) 261-1600
Counsel for Plaintiff

/s/ Lawrence C. Bolla
Lawrence C. Bolla, Esq.
PA ID No. 19679
Arthur D. Martinucci, Esq.
PA ID No. 63699
2222 West Grandview Blvd.
Erie, PA 16506
(814) 833-2222
Counsel for Intervenor