IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>NATIONAL FORGE COMPANY, et al.,<br><br>　　　　　　Debtor.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　and<br><br>OFFICIAL COMMITTEE OF RETIREES OF NATIONAL FORGE COMPANY,<br><br>　　　v.<br><br>E. ROGER CLARK, et al.,<br><br>　　　　　　Defendants. | Civil Action No.: 1:04-cv-21 Erie |

## PLAINTIFF'S SURREPLY BRIEF

AND NOW, comes Plaintiff, the Official Committee of Unsecured Creditors of National Forge Company (the "Committee"), by and through its counsel, Leech Tishman Fuscaldo & Lampl, LLC, and files the within Surreply Brief, and in support thereof avers as follows.

Currently pending before this Court is, *inter alia*, the Motion for Summary Judgment (the "Motion") of Defendants E. Roger Clark, Maurice J. Cashman, Dana Beyeler and Robert A. Kaemmerer (the "Moving Defendants"), which was filed on September 26, 2005 in response to the Committee's Amended Complaint dated August 22, 2005 and which was joined by the other Defendants. Appended to the Motion at Exhibit C is an unsigned copy of what purports to be the "December 22, 1998 Resolution of Board of Directors of National Forge Company Holdings,

Inc."[1]  This Resolution provides that it represents the meeting minutes of National Forge Company Holdings, Inc. ("Holdings") only.  In their previously filed motion for summary judgment,[2] the Moving Defendants submitted two separate unsigned corporate documents, both of which were dated December 22, 1998: one representing Holdings' board of directors' meeting minutes, and the other one representing National Forge Company's ("NFC") meeting minutes.[3]  Taken together, the Moving Defendants' documentary evidence would, at first blush, suggest that the boards of Holdings and of NFC met separately on December 22, 1998.

However, counsel for the Committee recently received from one of the Moving Defendants, Maurice J. Cashman, a signed copy of a document dated December 22, 1998 which demonstrates that the boards of directors of both NFC and Holdings met "concurrently" on that date.[4]  Notably, the document identifiers located in the lower left-hand corner of the various board meeting minutes differ.  The documents provided by the Moving Defendants and attached hereto as Exhibits A and B, which are unsigned, include an identifier of "Document 9," while the documents produced by the Moving Defendants and attached hereto as Exhibit C includes an identifier of "PI-306031.01."  The documents produced by the Committee and attached hereto as

---

[1] A true and correct copy of this Resolution, which was appended to the Motion at Exhibit C, is attached hereto as Exhibit "A".

[2] In July of 2005, the Moving Defendants filed a motion for summary judgment which was withdrawn by Order of Court dated September 7, 2005.

[3] True and correct copies of these documents, which were appended to the now-withdrawn motion for summary judgment of the Moving Defendants, are attached hereto as Exhibits "B" and "C," respectively.

[4] A true and correct copy of the signed copy of the December 22, 1998 board of directors meeting minutes is attached hereto as Exhibit "D".  Attached hereto as Exhibit "E" is a true and correct copy of the unsigned meeting minutes that the Committee attached to its Brief in Opposition to Summary Judgment and that are, aside from lacking Cashman's signature, identical to Exhibit D.

2

Exhibits D and E are stamped with identical identifiers of "G:\FILES\BRD\DEC98\MINUTES.DOC." Compare Exhibits A through C with Exhibits D and E. The meeting minutes attached hereto as Exhibit D, which are signed by Cashman and which are virtually identical to Exhibit E, directly conflict with the documents that the Moving Defendants appended to the Motion and on which they rely in support of their motion for summary judgment. Based on this evidence and for the following reasons, the Committee respectfully requests that this Court deny the Motion in its entirety.

In considering a motion for summary judgment, "[t]he non-movant's allegations are to be taken as true, and when they 'conflict with those of the movant, the former must receive the benefit of the doubt.'" Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002) (quoting Valhal Corp. v. Sullivan Assocs., 44 F.3d 195, 200 (3d Cir. 1995)). Moreover, a nonmoving party's introduction of evidence which conflicts with that of the movant precludes the entry of summary judgment against the former. See, e.g., Boyle v. County of Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998) (reversing grant of summary judgment where a district court "improperly weighed conflicting evidence in granting the defendant's motion"). Finally, the Third Circuit has held that "[a]ny unexplained gaps in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment." Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 744 (3d Cir. 1996) (quotations omitted) (quoting Ingersoll-Rand Fin. Corp. v. Anderson, 921 F.2d 497, 502 (3d Cir. 1990)).

In arguing that summary judgment is appropriate, the Moving Defendants posit that the Committee is treating the transaction at issue as an integrated transaction when such a characterization suits its purposes while, at other times, describing that transaction as non-integrated. See Moving Defendants' Brief at 10-11. However, this argument presumes that the

3

authorization for the transaction at issue in this matter came from only one board of directors. As the signed version of the December 22, 1998 meeting minutes demonstrate, and contrary to the unsigned version of the same submitted by the Moving Defendants, the boards of NFC and Holdings met "concurrently." See Exhibit D. As noted above, the document identifiers of the meeting minutes provided by the Moving Defendants, which are unsigned, are different from the signed version attached hereto as Exhibit D. Thus, an issue of fact exists as to which set of meeting minutes are accurate.

In short, the presence of the December 22, 1998 conflicting meeting minutes precludes the entry of summary judgment against the Committee as the nonmoving party. See Blair, 283 F.3d at 603. These conflicting meeting minutes raise a genuine issue of fact as to which board of directors – that of Holdings or that of NFC – authorized the transaction at issue here. Therefore, based upon the conflicting evidence presented to this Court, the Committee respectfully submits that its claims cannot be dismissed at this stage of the proceedings.

Based on the foregoing, the Committee respectfully requests that this Court enter an order denying the Motion of the Moving Defendants' in its entirety.

> Respectfully submitted,
>
> LEECH TISHMAN FUSCALDO & LAMPL, LLC
>
> By:  /s/ John M. Steiner
> David W. Lampl, Esquire
> PA I.D. No. 28900
> John M. Steiner, Esquire
> PA I.D. No. 79390
> Citizens Bank Building, 30th Floor
> 525 William Penn Place
> Pittsburgh, PA 15219
> (412) 261-1600

4