IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

In re:

NATIONAL FORGE COMPANY, <u>et al.</u>,

                      Debtor.
-------------------------------------------------------------
OFFICIAL COMMITTEE OF UNSECURED         Civil No. 04-21 Erie
CREDITORS OF NATIONAL FORGE
COMPANY,

                      Plaintiff,

and

OFFICIAL COMMITTEE OF RETIREES
OF NATIONAL FORGE COMPANY,

                      Intervenor,
v.

E. ROGER CLARK, both Individually and as
an Officer and Director of National Forge
Company, <u>et al</u>.,

                      Defendants.
_____

ANSWER OF DEFENDANTS E. ROGER CLARK, MAURICE J. CASHMAN,
DANA BEYELER AND ROBERT A. KAEMMERER TO AMENDED COMPLAINT

    Defendants E. Roger Clark, Maurice J. Cashman, Dana Beyeler and Robert A. Kaemmerer (the "Defendants") answer the Plaintiff's Amended Complaint as follows:

    1.    The allegations in paragraph 1 require no response.

    2.    The allegations in paragraph 2 are admitted.

    3.    The allegations in paragraph 3 are admitted.

4. The allegations in paragraph 4 are conclusions of law to which no response is required.

5. The allegations in paragraph 5 are conclusions of law to which no response is required.

6. The allegations in paragraph 6 are conclusions of law to which no response is required.

7. The allegations in paragraph 7 are conclusions of law to which no response is required.

8. The allegations in paragraph 8 are admitted.

9. The Defendants admit that the Court authorized the Plaintiff to proceed with this action. The Defendants deny the remaining allegations in paragraph 9.

10. The allegations in paragraph 10 are denied.

11. The allegations in paragraph 11 are admitted.

12. The allegations in paragraph 12 are admitted.

13. The allegations in paragraph 13 are admitted.

14–35. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14 through 35 and, accordingly, those allegations are deemed denied.

36. Paragraph 36 requires no response.

37. The Defendants admit that Defendant JP Morgan Chase is a financial institution, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and, accordingly, those allegations are deemed denied.

38.     The Defendants admit that Defendant Fleet Business Credit Corporation is a financial institution, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and, accordingly, those allegations are deemed denied.

39.     The Defendants admit that Defendant National City Bank of Pennsylvania is a financial institution, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and, accordingly, those allegations are deemed denied.

40.     Paragraph 40 requires no response.

41.     The allegations in paragraph 41 are admitted.

42.     The allegations in paragraph 42 are admitted.

43.     The allegations in paragraph 43 are denied.

44.     The allegations in paragraph 44 are denied.

45.     The allegations in paragraph 45 are admitted.

46.     The Defendants admit that National Forge Company Holdings, Inc. ("Holdings") issued Class A shares and Class B shares and that the NFC Holdings Employee Stock Ownership Plan Trust owned all of the Class A shares. The Defendants deny the remaining allegations in paragraph 46.

47.     To the extent the Plaintiff alleges that the transactions which resulted in Holdings' redemption of the Class B shares was an integrated transaction, the Defendants admit the allegations in the first sentence of paragraph 47. The Defendants deny the allegations in the second sentence of the paragraph as stated; the Class B shares could only be "cancelled" after they had been redeemed.

48. The allegations in paragraph 48 are denied as stated. Amendment No. 1 to the Amended and Restated Credit Agreement did not increase the borrowers' availability under their existing credit facilities; rather, it merely permitted up to $4 million of the existing revolving credit facility to be used to fund the redemption of Class B shares.

49. The allegations in paragraph 49 are denied as stated. No new liens were granted in connection with the redemption of the Class B shares.

50. The allegations in paragraph 50 are admitted.

51. The allegations in paragraph 51 are conclusions of law to which no response is required.

52. To the extent the Plaintiff alleges that the transactions which resulted in Holdings' redemption of the Class B shares was an integrated transaction, the Defendants admit that the Class B shares owned by the Transferee Defendants and held either directly or in individual retirement accounts were redeemed for $49.42 per share. By way of further answer, the Plaintiff has not named as defendants all of the former holders of the Class B shares.

53. The allegations in paragraph 53 are denied as stated. The sum of $5,749,868.74 was paid to the holders of Class B shares. Of that amount, $4,672,067.96 was paid to National City Bank of Pennsylvania on account of shares held in individual retirement accounts, and the balance of $1,077.800.78 was paid directly to shareholders who held shares in their own names. By way of further answer, the Plaintiff has not named as defendants all of the former holders of the Class B shares.

54. The allegations in paragraph 54 are denied.

55. The allegations in paragraph 55 are admitted.

56. The allegations in paragraph 56 are conclusions of law to which no response is required.

## COUNT I – FRAUDULENT TRANSFER
### Section 5105 of PA UFTA and Section 544(b) of the Bankruptcy Code

57. Paragraph 57 requires no response.

58. The allegations in paragraph 58 are denied.

59. The allegations in paragraph 59 are denied as stated. Only NFC Holdings paid the Distributions.

60. The allegations in paragraph 60 are denied.

61. The allegations in paragraph 61 are denied.

62. The allegations in the first sentence of paragraph 62 are denied. The remaining allegations in paragraph 62 constitute conclusions of law to which no response is required.

63. The allegations in paragraph 63 are denied. As stated previously, no party granted the Lenders additional liens in connection with either the NFC Holdings Transfer or the Redemption.

64. The allegations in paragraph 64 are conclusions of law to which no response is required.

65. The allegations in paragraph 65 are conclusions of law to which no response is required.

## COUNT II – FRAUDULENT TRANSFER
### Section 5104(a)(1) of PA UFTA and Section 544(b) of the Bankruptcy Code

66. Paragraph 66 requires no response.

67. The allegations in paragraph 67 are denied.

68. The allegations in paragraph 68 are denied as stated. Only NFC Holdings paid the Distributions.

69. The allegations in paragraph 69 are denied.

70. The allegations in paragraph 70 are denied.

71. The allegations in paragraph 71 are denied.

72. The allegations in paragraph 72 are conclusions of law to which no response is required.

73. The allegations in paragraph 73 are denied. As stated previously, no party granted the Lenders additional liens in connection with either the NFC Holdings Transfer or the Redemption.

74. The allegations in paragraph 74 are conclusions of law to which no response is required.

75. The allegations in paragraph 75 are conclusions of law to which no response is required.

COUNT III – FRAUDULENT TRANSFER
Section 5104(a)(2) of PA UFTA and Section 544(b) of the Bankruptcy Code

76. Paragraph 76 requires no response.

77. The allegations in paragraph 77 are denied.

78. The allegations in paragraph 78 are denied.

79. The allegations in paragraph 79 are denied.

80. The allegations in paragraph 80 are denied.

81. The allegations in paragraph 81 are denied.

82. The allegations in paragraph 82 are denied.

83. The allegations in paragraph 83 are conclusions of law to which no response is required.

84. The allegations in paragraph 84 are denied. As stated previously, no party granted the Lenders additional liens in connection with either the NFC Holdings Transfer or the Redemption.

85. The allegations in paragraph 85 are conclusions of law to which no response is required.

86. The allegations in paragraph 86 are conclusions of law to which no response is required.

## COUNT IV
### Sections 1551 and 1553 of the PA BCL and Section 544(b) of the Bankruptcy Code

87. Paragraph 87 requires no response.

88. The allegations in paragraph 88 are denied.

89. The allegations in paragraph 89 are denied.

90. The allegations in paragraph 90 are conclusions of law to which no response is required.

91. The allegations in paragraph 91 are conclusions of law to which no response is required.

92. The allegations in paragraph 92 are conclusions of law to which no response is required.

## COUNT V
### Sections 1551 and 1553 of the PA BCL and Section 544(b) of the Bankruptcy Code

93. Paragraph 93 requires no response.

94. The allegations in paragraph 94 are denied.

95. The allegations in paragraph 95 are denied.

96. The allegations in paragraph 96 are conclusions of law to which no response is required.

97. The allegations in paragraph 97 are conclusions of law to which no response is required.

98. The allegations in paragraph 98 are conclusions of law to which no response is required.

### COUNT VI
### Sections 1712 and 1713 of the PA BCL:  Breach of Fiduciary Duty

99. Paragraph 99 requires no response.

100. The allegations in paragraph 100 are denied.

101. The allegations in paragraph 101 are denied.

102. The allegations in paragraph 102 are conclusions of law to which no response is required.

103. The allegations in paragraph 103 are conclusions of law to which no response is required.

104. The allegations in paragraph 104 are conclusions of law to which no response is required.

### COUNT VII
### Sections 160, 173 and 174 of the Delaware General Corporation Law and Section 544(b) of the Bankruptcy Code

105. Paragraph 105 requires no response.

106. The allegations in paragraph 106 are denied.

107. The allegations in paragraph 107 are denied.

108. The allegations in paragraph 108 are denied.

109. The allegations in paragraph 109 are conclusions of law to which no response is required.

110. The allegations in paragraph 110 are conclusions of law to which no response is required.

111. The allegations in paragraph 111 are conclusions of law to which no response is required.

COUNT VIII
Delaware Common Law Breach of Fiduciary Duty

112. Paragraph 112 requires no response.

113. The allegations in paragraph 113 are denied.

114. The allegations in paragraph 114 are denied.

115. The allegations in paragraph 115 are conclusions of law to which no response is required.

116. The allegations in paragraph 116 are conclusions of law to which no response is required.

First Affirmative Defense

117. The Amended Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

118. Delaware General Corporation Law § 172, 8 Del. Laws § 172, bars the Plaintiff from recovering against the officers and directors of National Forge Company Holdings, Inc.

Third Affirmative Defense

119. Pennsylvania Business Corporation Law § 1712, 15 Pa.C.S.A. § 1712, bars the Plaintiff from recovering against the officers and directors of National Forge Company.

Dated: February 15. 2006                    Respectfully submitted,


/s/ Erik Sobkiewicz
Douglas A. Campbell
PA I.D. No. 23143
Erik Sobkiewicz
PA I.D. No. 56836
CAMPBELL & LEVINE, LLC
1700 Grant Building
Pittsburgh, PA  15219
Telephone:  (412) 261-0310

Counsel for Defendants E. Roger
Clark, Maurice J. Cashman, Dana
Beyeler and Robert A. Kaemmerer

Jury Trial Demanded

10