IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NATIONAL FORGE COMPANY, *et, al.* | ) |
| | ) |
| Debtor. | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| And | ) |
| | ) |
| OFFICIAL COMMITTEE OF RETIREES OF NATIONAL FORGE COMPANY, | ) |
| | ) |
| Intervenors | ) |
| | ) C.A. No. 04-21 ERIE |
| v. | ) |
| | ) |
| E. ROGER CLARK, *et al.* | ) |
| | ) |
| Defendants | ) |

**MOTION TO EXTEND DEADLINES
IN THE CASE MANAGEMENT ORDER**

AND NOW, come Plaintiff and Intervenors (referred to jointly as the "Plaintiff") by and through their respective undersigned counsel, and hereby move, pursuant to Fed.R.Civ.P. 16(b), Local Rule LR 16.1.2.E and Paragraph 3(b) of the Case Management Order, to Extend Deadlines in the Case Management Order.

1. On May 26, 2005, this Court entered an Order denying the Defendants' Motion for Reconsideration of the Bankruptcy Court's Order of 11/26/03, which retroactively approved the filing of Adversary Proceeding No. 031014 by the Official Committee of Unsecured Creditors.

2. On July 18, 2005, Defendants filed a Motion for Summary Judgment and a supporting Brief in response to Plaintiff's Complaint.

3. On July 29, 2005, this Court entered a Case Management Order (the "CMO") scheduling the deadlines to which the parties were to adhere. The CMO directed the parties to move to amend their pleading/add new parties by August 15, 2005; to complete discovery on or before October 6, 2005; and to file dispositive motions on or before January 6, 2006 and any responses thereto by January 26, 2006.

4. On August 17, 2005, this Court entered an Order granting Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff filed its Amended Complaint on August 22, 2005.

5. On August 22, 2005, Plaintiff also filed its Response to the Motion for Summary Judgment of Defendants and a Brief in support.

6. On September 7, 2005, this Court entered an Order ("the Order") granting the Defendants' Joint Motion for an Order Allowing Them to Withdraw Their Motion for Summary Judgment and Fixing the Date to Plead to the Amended Complaint.

7. The Order extended the time within which Defendants were to plead to Plaintiff's Amended Complaint to September 26, 2005. It further provided that in the event the Defendants move for summary judgment, Plaintiff shall have until October 17, 2005 to respond thereto and Defendants shall have until October 31, 2005 to file any surreply.

8. On September 22, 2005, pursuant to Joint Motion of the Plaintiff and Defendants, and because of the procedural posture of this case, this Court entered an Order modifying the Case Management Order to extend the close of discovery until February 3, 2006.

9. On September 26, 2005, the Defendants again filed dispositive Motions for Summary Judgment, Briefs and Appendices seeking to dismiss in their entirety all Counts raised in the Plaintiff's Amended Complaint.

10. On October 17, 2005, the Plaintiff filed its Response, Brief in Opposition and Appendix to the Defendants' second Motion for Summary Judgment.

11. On November 4, 2005, the Defendants filed their Reply Brief after the Plaintiff had agreed to an extension of time for them to do so.

12. Argument on the second Summary Judgment was originally set for January 20, 2006.

13. On January 5, 2006, the Plaintiffs filed an Expedited Motion to Extend Deadlines In the Case Management Order.

14. After hearing on the matter, on January 5, 2006, this Court entered an Amended Case Management Order extending, among other things, the discovery deadline until June 3, 2006. Further, this Court rescheduled oral argument on the Summary Judgment until March 7, 2006.

15. Since that time, this Court has postponed oral argument until a time to be determined by the Court.

16. Since this Court denied the Motion for Reconsideration of the Defendants and gave the Plaintiff standing in May of 2005, the Plaintiff has been diligently prosecuting this case through, among other things, responding and briefing to two separately filed dispositive Motions for Summary Judgment, meeting with the respective Committees, reviewing substantial documents and consulting with potential experts.

17. Additionally, in July 2005 counsel for the Creditors' Committee and counsel for the Retiree Committee visited National Forge, the site at which the relevant documents are located, only to find floors and rooms full of documents in no particular order. Counsel also found locked cabinets and doors preventing access to certain documents. In November of 2005, the Plaintiff was informed by Maurice Cashman, the Responsible Officer of the Debtor and a Defendant to this action, that a sizeable room full of boxes of documents needed to be removed from their current location at National Forge to another site. Counsel for the Retiree Committee advised Mr. Cashman that the boxes could be moved to Erie, PA and the arrangements to move the documents are presently being made.

18. In an effort to be more efficient and expeditious in document review, the Plaintiff, in concert with Maurice Cashman, proposed to not only remove the documents referred to in Paragraph 17 above, but to categorize, remove and store all of the National Forge records in a location in Erie, PA. The Plaintiff took significant steps to effectuate this document transfer including a trip to the National Forge facility with a document storage company to assess the cost and timing of such removal. After receipt of the estimate and logistics from the document storage company and on the eve of removal, the Plaintiffs were contacted by counsel for Liquidating NFC indicating that the removal of the records could not be effectuated because the new owner of National Forge, who was claiming ownership in the records, would not agree to the release of the records.

19. Despite these unforeseen delays, the Plaintiff has responded to the Defendants' First Set of Interrogatories and Request for Production of Documents. The Plaintiff has recently sent to Mr. Cashman an additional document request for specific documents.

20. The Plaintiff submits that while there is still much written to discovery to complete, discovery is moving into the expert and oral testimony phase. Experts are necessary in this case and it would appear that a number of depositions will need to be taken, many of which will require the assistance of experts. As such, the Plaintiff submits that this portion of the discovery phase will become expensive and time consuming.

21. Plaintiff submits that given the procedural posture of this case and the dispositive Summary Judgment Motion currently pending before the Court, requiring extensive discovery, including the taking of numerous depositions, hiring experts, etc., at this phase of the case does not seem prudent and economical for all the parties.

## RELIEF REQUESTED

22. Given the procedural posture of this case and the dispositive Motion for Summary Judgment currently before this Court, the Plaintiff does not believe it to be economically prudent to require the parties to complete discovery by June 3, 2006.

23. The Plaintiff submits that no party will be prejudiced by an extension of the discovery deadline set forth in the current Case Management Order.

24. Pursuant to Local Rule 16.1.2(E), the Plaintiff attempted to confer with Defendants' counsel to seek their agreement to the requested modification. Counsel for the majority of the Defendants, Daniel Antos, William D. Bailey, Richard A. Brewster, Larry Campbell, James E. Caldwell, James C. Confer, Richard D'Allesandro, Donald Fissel, James B. Harris, Carl J. Luppino, Clarence E. Mason, Harold Murphy, Phillip R. Novosel, Charles R. Olson, James D. Ruhlman, Phillip R. Simons, Glenn E. Turk, Ronald L. Young, Barry Zischkau (the "Antos Defendants") consented to the proposed modification. Counsel for Defendants J.P. Morgan Chase & Co., Fleet Business Credit Corporation and National City Bank of

Pennsylvania have also agreed to the requested extension. Counsel for the Defendants, E. Roger Clark, Maurice J. Cashman, Dana Beyeler and Robert A. Kaemmerer, did not respond and thus their position relative to the same is unknown.

25. In light of the procedural posture and the extensions granted subsequent to this Court's initial Case Management Order, the Plaintiff hereby requests that this Court modify the Case Management Order to extend by 60 days all the deadlines provided therein, except the August 15, 2005 deadline regarding amending pleadings/adding new parties.

WHEREFORE, the Plaintiff requests that this Court enter a Modified Case Management Order in substantially the form of the proposed Modified Case Management Order attached hereto.

Respectfully submitted,

/S/ John M. Steiner
John M. Steiner, Esq.
PA ID No. 79390
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219
(412) 261-1600
Counsel for Plaintiff