IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NATIONAL FORGE COMPANY, *et, al.* ) | |
| ) | |
| Debtor. ) | |
| ) | |
| OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS OF ) | |
| NATIONAL FORGE COMPANY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| And ) | |
| ) | |
| OFFICIAL COMMITTEE OF RETIREES ) | |
| OF NATIONAL FORGE COMPANY, ) | |
| ) | |
| Intervenors ) | |
| ) | C.A. No. 04-21 ERIE |
| v. ) | |
| ) | |
| E. ROGER CLARK, *et al.* ) | |
| ) | |
| Defendants ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' UNDER F.R.C.P. NO. 54 TO HAVE THE DISTRICT COURT'S ORDER OF JUDGMENT DATED JUNE 9, 2006 DETERMINED TO BE A FINAL JUDGMENT SUBJECT TO IMMEDIATE APPEAL**

AND NOW, comes the Official Committee of Unsecured Creditors of National Forge Company (the "Plaintiff"), by and through its undersigned counsel, and hereby file this Motion Under F.R.C.P. No. 54 to Have The District Court's Order of Judgment Dated June 9, 2006 Determined to be a Final Order And Subject To Immediate Appeal (the "Motion"), and in support thereof states as follows:

1. On June 9, 2006, this Court entered an Order granting Summary Judgment as to Counts I through VII of the Plaintiff's Eight Count Complaint in favor of all Defendants and

granting Summary Judgment as to Count VIII of the Complaint in favor of all Defendants except E. Roger Clark, Maurice J. Cashman, Dana Beyeler, Robert A. Kaemmerer and Ashtok Khare (referred to hereinafter as the "June 9th Order").

2. As a result of the entry of the June 9th Order, the only remaining Count of the Plaintiff's Complaint (Count VIII) asserts claims against the remaining Defendants for Breach of Fiduciary Duty.

3. The basis of this Court's decision to grant summary judgment to the Defendants as to Count I, II, III and VII rests under this Court's conclusion that the "safe harbor" provisions of Section 546(e) of the Bankruptcy Code barred the claims asserted by the Plaintiff in said Counts. *See* 11 U.S.C. §546(e).

4. The legal issues raised by the "safe harbor" provisions of Section 546(e) and this Court's determination that the transaction at issue is a "integrated" transaction are complex legal issues and there are differing opinions by the Circuit Courts and District Courts as to their interpretation and application relating to transactions arising out of or involving closely held or privately held corporations.

5. The Plaintiff would request that this Court determine under F.R.C.P. No. 54(b) that its June 9th Order is a final judgment subject to immediate appeal so that the Plaintiff may appeal the June 9th Order and allow the Third Circuit to address the issues raised below.

6. Rule 54(b) states in relevant part:

> When more than one claim for relief is presented in an action, ···, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.

F.R.C.P. No. 54(b)

7. The Plaintiff submits that there is no just reason for there to be a delay in allowing the Plaintiff to appeal the June 9th Order for the following reasons:

(i) the legal issues addressed by this Court in its Memorandum Opinion and Order of Judgment dated June 9, 2006 relating to the "safe harbor" provisions of Section 546(e) of the Bankruptcy Code and "integrated" transactions and their application to closely held or privately held corporations are important legal issues, have been met with differing opinions from the Circuit Courts and District Courts and have yet to be addressed by the Third Circuit in this context;

(ii) allowing an immediate appeal will promote the efficient administration of justice in that it will avoid the potential of conducting two (2) separate trials (and the time and expense associated with the same) on claims arising out of the same set of facts and circumstances, but different legal theories;

(iii) allowing the immediate appeal will not prejudice any of the parties;

(iv) the decision of this Court that the claims brought by the Committee under Counts I, II, III and IV are barred by the provisions of Section 546(e) is a final determination as to that issue;

(v) there will be no need for the Third Circuit to review the same issue on appeal as the remaining count does not incorporate the "safe harbor" provisions of Section 546(e); and

(vi) there is a danger that if the Plaintiff is not permitted to appeal the June 9th Order immediately, but forced to wait until the conclusion of the

remaining count, the solvency of the Defendants will be endangered and the ability to collect from the Defendants will become increasingly more difficult.

WHEREFORE, the Plaintiff requests that this Court enter an Order under F.R.C.P. No. 54(b) determining its June 9th Order to be a final order subject to immediate appeal.

Respectfully submitted,

/S/ John M. Steiner
John M. Steiner, Esq.
PA ID No. 79390
525 William Penn Place, 30th Floor
Pittsburgh, PA  15219
(412) 261-1600
Counsel for Plaintiff