IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| NATIONAL FORGE COMPANY, *et, al.* | ) ) ) |
| Debtor. | ) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY, | ) ) ) |
| Plaintiff | ) |
| And | ) |
| OFFICIAL COMMITTEE OF RETIREES OF NATIONAL FORGE COMPANY, | ) ) |
| Intervenors | ) |
| v. | ) C.A. No. 04-21 ERIE |
| E. ROGER CLARK, *et al.* | ) |
| Defendants | ) |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of the Motion of the Official Committee of Unsecured Creditors of National Forge Company (the "Committee") Under F.R.C.P. No. 54 to Have The District Court's Order of Judgment Dated June 9, 2006 Determined to be a Final Judgment Subject to Immediate Appeal (the "Motion"), it is hereby:

ORDERED, ADJUDGED and DECREED that the Motion of the Committee is GRANTED. It is further

ORDERED, ADJUDGED and DECREED that there is no just reason for delay in determining that this Court's Order of Judgment dated June 9, 2006 is a final judgment subject to immediate appeal for the following reasons:

(a) the legal issues raised by this Court in its Memorandum Opinion and Order of Judgment dated June 9, 2006 relating to the "safe harbor" provisions of Section 546(e) of the Bankruptcy Code and "integrated" transactions and their application to closely held or privately held corporations are important legal issues, have been met with differing opinions from the Circuit Courts and District Courts and have yet to be addressed by the Third Circuit in this context;

(b) allowing an immediate appeal will promote the efficient administration of justice in that it will avoid the potential of conducting two (2) separate trials (and the time and expense associated with the same) on claims arising out of the same set of facts and circumstances, but different legal theories;

(c) allowing the immediate appeal will not prejudice any of the parties;

(d) the decision of this Court that the claims brought by the Committee under Counts I, II, III and IV are barred by the provisions of Section 546(e) is a final determination as to that issue;

(e) there will be no need for the Third Circuit to review the same issue on appeal as the remaining count does not incorporate the "safe harbor" provisions of Section 546(e); and

(f) there is a danger that if the Plaintiff is not permitted to appeal the June 9th Order immediately, but forced to wait until the conclusion of the remaining count, the solvency of the Defendants will be endangered and the ability to collect from the Defendants will become increasingly more difficult.

It is further

ORDERED, ADJUDGED and DECREED that the Clerk of this Court is directed to enter a final judgment consistent with this Court's Order of Judgment dated June 9, 2006.

BY THE COURT:

_____J.
Sean J. McLaughlin
United States District Judge