## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NATIONAL FORGE COMPANY, *et, al.* | ) |
| | ) |
| Debtor. | ) |
| | ) |
| OFFICIAL COMMITTEE OF | ) |
| UNSECURED CREDITORS OF | ) |
| NATIONAL FORGE COMPANY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| And | ) |
| | ) |
| OFFICIAL COMMITTEE OF RETIREES | ) |
| OF NATIONAL FORGE COMPANY, | ) |
| | ) |
| Intervenors | ) |
| | )   C.A. No.  04-21 ERIE |
| v. | ) |
| | ) |
| E. ROGER CLARK, *et al.* | ) |
| | ) |
| Defendants | ) |

## MOTION TO APPROVE SETTLEMENT AND RELEASE

And now,  comes THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF

NATIONAL FORGE COMPANY (the "Committee"); and E. ROGER CLARK, MAURICE J.

CASHMAN, DANA BEYELER, ROBERT A. KAEMMERER, ASHOK K. KHARE (with

Messrs. Clark, Cashman, Beyeler, Kaemmerer and Khare, the "Officer Defendants"); and

DANIEL ANTOS, WILLIAM D. BAILEY, RICHARD A. BREWSTER, JAMES E.

CALDWELL, LARRY CAMPBELL, JAMES C. CONFER, RICHARD D'ALESSANDRO,

DONALD FISSEL, JAMES B. HARRIS, THOMAS H. JACKSON, CARL J. LUPPINO,

CLARENCE E. MASON, HAROLD MURPHY, PHILIP R. NOVOSEL, CHARLES R. OLSON, JAMES D. RUHLMAN, PHILLIP R. SIMONS, GLENN E. TURK, RONALD L. YOUNG and BARRY ZISCHKAU (with Messrs. Antos, Bailey, Brewster, Caldwell, Campbell, Confer, D'Alessandro, Fissel, Harris, Jackson, Luppino, Mason, Murphy, Novosel, Olson, Ruhlman, Simons, Turk, Young and Zischkau, the "Individual Defendants," and with the Officer Defendants, the "Settling Defendants") and submit this Motion to Approve Settlement and Release, stating as follows:

## BACKGROUND

1.      Prior to April 13, 1999, National Forge Company Holdings, Inc. ("Holdings"), the parent of National Forge Company ("NFC"), had two classes of stock:  Class A, the issued shares of which were owned exclusively by the National Forge Company Holdings Inc. Employee Stock Ownership Plan, and Class B, the issued shares of which were held by, among others, the Settling Defendants.

2.      On April 13, 1999, Holdings borrowed $5,749,868.74 from a facility it had with JPMorgan Chase Bank, NA, Bank of America, NA and National City Bank of Pennsylvania (the "Bank Defendants," and with the Settling Defendants, the "Defendants") and with that cash redeemed all of the outstanding Class B shares for $49.42 per share (the "Redemption").

3.      On March 6, 2002, NFC filed for protection under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"), and on March 21, 2002, the United States Trustee, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee.

4.      On January 31, 2003, the Committee commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court at Adv. Pro. No 03-1014 on behalf of NFC and against the Defendants and in which it alleged, *inter alia*, that the Redemption (including Holdings' borrowing to fund the Redemption and the payments made to the Settling Defendants) were subject to avoidance under the Pennsylvania Uniform Fraudulent Transfer Act and that, as to the Officer Defendants, the Redemption gave rise to various fiduciary breach claims.

5.      At the same time it commenced the Adversary Proceeding, the Committee moved to confirm it had authority to bring the action, or in the alternative for authority to bring the action on behalf of NFC, and the Bankruptcy Court, by Order dated November 26, 2003, and over the objection of the Defendants, granted the Committee standing to bring the Adversary Proceeding (the "Standing Order"), and the Defendants appealed the Standing Order to the United States District Court for the Western District of Pennsylvania (the "District Court").

6.      On January 5, 2005, the District Court, at the request of the Individual Defendants and pursuant to 28 U.S.C. § 1334(b), withdrew the order of reference as to the Adversary Proceeding, and on May 26, 2005, having treated the Defendants' appeal of the Standing Order, in light of the reference being withdrawn, as a motion for reconsideration under Fed. R. Civ. P. 60, authorized the Committee to proceed with the Adversary Proceeding on behalf of NFC (the "District Court Standing Order").

7.      The Officer Defendants moved, pursuant to Fed. R. Civ. P. 56, for summary judgment and the Individual Defendants and the Bank Defendants joined in that motion and in response the Committee, with the District Court's permission, amended its complaint.

8.    The Officer Defendants then moved for summary judgment with respect to Counts I through VII of the Committee's eight-count complaint and the Individual Defendants and the Bank Defendants joined in that motion.

9.    In a Memorandum Opinion dated June 9, 2006 and accompanying Order of Judgment, the District Court granted the Defendants' motions for summary judgment as to Counts I through VII of the Committee's amended complaint as to all of the Defendants and limited Count VIII of the amended complaint to the Officer Defendants (the "Summary Judgment Decision").

10.    By Order dated July 6, 2006, and at the request of the Committee, the District Court made the Summary Judgment Decision immediately appealable.

11.    The Committee timely appealed the Summary Judgment Decision to the United States Court of Appeals for the Third Circuit (the "Court of Appeals") and the Defendants timely cross-appealed the District Court Standing Order.

12.    The Committee moved to stay further proceedings with respect to Count VIII of its amended complaint until such time as the Court of Appeals has decided the appeals arising from the Summary Judgment Decision, and by Order dated August 3, 2006, the District Court denied that request and thereafter the Committee, with the District Court's permission, dismissed Count VIII of the amended complaint with prejudice.

13.    Following a mediation session sponsored by the Court of Appeals, the Committee and the Settling Defendants agreed to settle, subject to the parties entering into a definitive agreement and the District Court approving the terms of the settlement, their issues.

**RELIEF REQUESTED**

14.    The Committee and the Settling Defendants now seek to resolve the issues arising out of and relating to the Adversary Proceeding and Appeal.

15.    The terms under which the Committee and Settling Defendants are willing to resolve the claims raised in the Adversary Proceeding and Appeal are set forth in the Settlement Agreement and Release attached as Exhibit "A" and made a part hereof as if fully set forth herein (the "Settlement Agreement").

16.    Given the inherent risks associated with the prosecution of the Appeal and underlying Adversary Proceeding and the substantial cost and expense associated with both, the Committee submits that the settlement and release of claims raised in the Adversary Proceeding and Appeal under the terms of the Settlement Agreement is in the best interests of the NFC's and Holdings' estates and their creditors.

WHEREFORE, the Committee and Settling Defendants respectfully request that this Honorable Court grant the instant Motion and authorize the Committee and the Settling Defendants to enter into and execute the attached Settlement Agreement.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL LLC

*/s/ John  M. Steiner*
John M. Steiner, Esq.
PA ID No. 79390
525 William Penn Place, 30th Floor
Pittsburgh, PA  15219
(412) 261-1600
Counsel for the Committee of Unsecured
Creditors of National Forge Company