## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made as of the ____ day of May 2007, by and among THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY (the "Committee"); and E. ROGER CLARK, MAURICE J. CASHMAN, DANA BEYELER, ROBERT A. KAEMMERER, ASHOK K. KHARE (with Messrs. Clark, Cashman, Beyeler, Kaemmerer and Khare, the "Officer Defendants"); and DANIEL ANTOS, WILLIAM D. BAILEY, RICHARD A. BREWSTER, JAMES E. CALDWELL, LARRY CAMPBELL, JAMES C. CONFER, RICHARD D'ALESSANDRO, DONALD FISSEL, JAMES B. HARRIS, THOMAS H. JACKSON, CARL J. LUPPINO, CLARENCE E. MASON, HAROLD MURPHY, PHILIP R. NOVOSEL, CHARLES R. OLSON, JAMES D. RUHLMAN, PHILLIP R. SIMONS, GLENN E. TURK, RONALD L. YOUNG and BARRY ZISCHKAU (with Messrs. Antos, Bailey, Brewster, Caldwell, Campbell, Confer, D'Alessandro, Fissel, Harris, Jackson, Luppino, Mason, Murphy, Novosel, Olson, Ruhlman, Simons, Turk, Young and Zischkau, the "Individual Defendants," and with the Officer Defendants, the "Settling Defendants").

## W I T N E S S E T H :

WHEREAS, prior to April 13, 1999, National Forge Company Holdings, Inc. ("Holdings"), the parent of National Forge Company ("NFC"), had two classes of stock: Class A, the issued shares of which were owned exclusively by the National Forge Company Holdings Inc. Employee Stock Ownership Plan, and Class B, the issued shares of which were held by, among others, the Settling Defendants; and

WHEREAS, on April 13, 1999, Holdings borrowed $5,749,868.74 from a facility it had with JPMorgan Chase Bank, NA, Bank of America, NA and National City Bank of Pennsylvania (the "Bank Defendants," and with the Settling Defendants, the "Defendants") and with that cash redeemed all of the outstanding Class B shares for $49.42 per share (the "Redemption"); and

WHEREAS, on March 6, 2002, NFC filed for protection under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"), and on March 21, 2002, the United States Trustee, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee; and

WHEREAS, on January 31, 2003, the Committee commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court at Adv. Pro. No 03-1014 on behalf of NFC and against the Defendants and in which it alleged, *inter alia*, that the Redemption (including Holdings' borrowing to fund the Redemption and the payments made to the Settling Defendants) were subject to avoidance under the Pennsylvania Uniform Fraudulent Transfer Act and that, as to the Officer Defendants, the Redemption gave rise to various fiduciary breach claims; and

WHEREAS, at the same time it commenced the Adversary Proceeding, the Committee moved to seek confirmation that it had the authority to bring the action, or in the alternative for authority to bring the action on behalf of NFC, and the Bankruptcy Court, by Order dated



November 26, 2003, and over the objection of the Defendants, granted the Committee standing to bring the Adversary Proceeding (the "Standing Order"), and the Defendants appealed the Standing Order to the United States District Court for the Western District of Pennsylvania (the "District Court"); and

WHEREAS, on January 5, 2005, the District Court, at the request of the Individual Defendants and pursuant to 28 U.S.C. § 1334(b), withdrew the order of reference as to the Adversary Proceeding, and on May 26, 2005, having treated the Defendants' appeal of the Standing Order, in light of the reference being withdrawn, as a motion for reconsideration under Fed. R. Civ. P. 60, authorized the Committee to proceed with the Adversary Proceeding on behalf of NFC (the "District Court Standing Order"); and

WHEREAS, the Officer Defendants moved, pursuant to Fed. R. Civ. P. 56, for summary judgment and the Individual Defendants and the Bank Defendants joined in that motion and in response the Committee, with the District Court's permission, amended its complaint; and

WHEREAS, the Officer Defendants then moved for summary judgment with respect to Counts I through VII of the Committee's eight-count complaint and the Individual Defendants and the Bank Defendants joined in that motion; and

WHEREAS, in a Memorandum Opinion dated June 9, 2006 and accompanying Order of Judgment, the District Court granted the Defendants' motions for summary judgment as to Counts I through VII of the Committee's amended complaint as to all of the Defendants and limited Count VIII of the amended complaint to the Officer Defendants (the "Summary Judgment Decision"); and

WHEREAS, by Order dated July 6, 2006, and at the request of the Committee, the District Court made the Summary Judgment Decision immediately appealable; and

WHEREAS, the Committee timely appealed the Summary Judgment Decision to the United States Court of Appeals for the Third Circuit (the "Court of Appeals") and the Defendants timely cross-appealed the District Court Standing Order; and

WHEREAS, the Committee moved to stay further proceedings with respect to Count VIII of its amended complaint until such time as the Court of Appeals has decided the appeals arising from the Summary Judgment Decision, and by Order dated August 3, 2006, the District Court denied that request and thereafter the Committee, with the District Court's permission, dismissed Count VIII of the amended complaint with prejudice; and

WHEREAS, following a mediation session sponsored by the Court of Appeals, the Committee and the Settling Defendants agreed to settle, subject to the parties entering into a definitive agreement and the District Court approving the terms of the settlement, their issues.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Committee and the Settling Defendants, with the intention of being legally bound, hereby agree as follows:

1.     <u>Payment by the Officer Defendants</u>.  Within ten (10) days of the Order entered by the District Court authorizing the Committee to enter into this Agreement becomes final and non-appealable, the Officer Defendants shall pay to the Committee the sum of $30,000.

2.     <u>Payment by the Individual Defendants</u>.  Within ten (10) days of the Order entered by the District Court authorizing the Committee to enter into this Agreement becomes final and non-appealable, the Individual Defendants shall pay to the Committee the sum of $10,000.

3.     <u>Committee to Dismiss its Appeal</u>.  Within ten (10) days after the Committee receives the last of the payments required under paragraphs 1 and 2, the Committee shall take the steps necessary to have its appeal of the Summary Judgment Decision dismissed with prejudice as to the Settling Defendants.  In the event either the Officer Defendants or the Individual Defendants fail to timely make the payment required of them under this Agreement, that failure shall have no affect on the parties that timely made the required payment, and the Committee shall promptly take the steps necessary to have its appeal of the Summary Judgment Decision dismissed as to that party.

4.     <u>Release of the Officer Defendants by the Committee</u>.  Upon the Officer Defendants complying with the terms of paragraph 1 above, the Committee, its members and professionals and all those acting through or on behalf of it, Holdings and NFC (collectively, the "Releasing Parties"), hereby release, acquit and forever discharge, with prejudice, the Officer Defendants all current and former directors and officers of Holdings and its subsidiaries, and all of their respective agents, heirs, executors, successors and insurers (collectively, the "Officer Defendant Releasees) (and each of them) from past, present or future claims, costs, expenses, accounts, offsets, demands, causes of action, suits, debts, liability, damages, claims, counterclaims, and demands of any kind or nature whatsoever, in law, equity or otherwise, whether known or unknown to any party at this time, asserted or unasserted, liquidated or unliquidated, absolute or contingent, which the Releasing Parties had, may have, now have or which may hereafter accrue or otherwise be acquired against the Officer Defendant Releases on account of, arising out of, or relating to, or alleged or asserted or which could have been alleged or asserted or involving any matter occurring at any time from the beginning of time up to and including the date of this Agreement.

5.     <u>Release of the Individual Defendants by the Committee</u>.  Upon the Individual Defendants complying with the terms of paragraph 2 above, the Releasing Parties hereby release, acquit and forever discharge, with prejudice, the Individual Defendants (and each of them) from past, present or future claims, costs, expenses, accounts, offsets, demands, causes of action, suits, debts, liability, damages, claims, counterclaims, and demands of any kind or nature whatsoever, in law, equity or otherwise, whether known or unknown to any party at this time, asserted or unasserted, liquidated or unliquidated, absolute or contingent, which the Releasing Parties had, may have, now have or which may hereafter accrue or otherwise be acquired against the Individual Defendants (and each of them) on account of, arising out of, or relating to, or alleged or asserted or which could have been alleged or asserted or involving any matter occurring at any time from the beginning of time up to and including the date of this Agreement.

6.    <u>Release of the Committee, NFC and Holdings by the Settling Defendants</u>.  Upon the Committee complying with the terms of paragraph 3 above, the Settling Defendants (and each of them) hereby release, acquit and forever discharge, with prejudice, the Releasing Parties from past, present or future claims, costs, expenses, accounts, offsets, demands, causes of action, suits, debts, liability, damages, claims, counterclaims, and demands of any kind or nature whatsoever, in law, equity or otherwise, whether known or unknown to any party at this time, asserted or unasserted, liquidated or unliquidated, absolute or contingent, which the Settling Defendants had, may have, now have or which may hereafter accrue or otherwise be acquired against the Releasing Parties on account of, arising out of, or relating to the Adversary Proceeding.

7.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement and understanding between the parties concerning the subject matter hereof.  Any and all prior and contemporaneous negotiations, pleadings, memoranda, correspondence or other communication, possible and alleged agreements, covenants, terms, understandings, conditions, considerations, representations and warranties between the parties concerning this Agreement or the subject matter hereof are merged into and superseded by this Agreement.

8.    <u>Binding Effect</u>.  This Agreement shall be binding on, and inure to the benefit of, each of the parties, as well as their respective legal successors, heirs, executors, representatives, administrators and assigns.

9.    <u>Joint Drafting</u>.  This Agreement was negotiated at arm's length and mutually drafted by the parties.  No single party shall be deemed to have drafted the Agreement or any individual portion thereof.  In the event that any ambiguity or uncertainty exists in any provision of this Agreement, such ambiguity or uncertainty is not to be construed by reference to any doctrine or statute calling for ambiguities to be construed against the drafter of the document.

10.    <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts, either of which may be executed by one or more of the parties, each of which shall be deemed an original, and all of which together shall constitute one original agreement that is binding on the parties. A facsimile copy of a duly executed counterpart shall be treated as an original counterpart.

11.    <u>No Admission</u>.  It is understood and agreed by the parties that execution of this Agreement is solely for the purpose of settlement and is not to be construed or interpreted as an admission of liability or fault by any party, which liability and fault are expressly denied.

12.    <u>Governing Law</u>. This Agreement is to be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania, without resort to its conflicts of law provisions, except as otherwise required by applicable law.


[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NATIONAL
FORGE COMPANY

By:_____
      John M. Steiner, Esquire
      Leech Tishman Fuscaldo & Lampl
      Citizens Bank Building, 30th Floor
      525 William Penn Place
      Pittsburgh, PA 15219


_____
E. ROGER CLARK


_____
MAURICE J. CASHMAN


_____
DANA BEYELER


_____
ROBERT A. KAEMMERER


_____
ASHOK K. KHARE


_____
DANIEL ANTOS

_____

WILLIAM D. BAILEY

_____

RICHARD A. BREWSTER

_____

JAMES E.CALDWELL

_____

LARRY CAMPBELL

_____

JAMES C. CONFER

_____

RICHARD D'ALESSANDRO

_____

DONALD FISSEL

_____

JAMES B. HARRIS

_____

THOMAS H. JACKSON

_____

CARL J. LUPPINO


_____

CLARENCE E. MASON


_____

HAROLD MURPHY


_____

PHILIP R. NOVOSEL


_____

CHARLES R. OLSON


_____

JAMES D. RUHLMAN


_____

PHILLIP R. SIMONS


_____

GLENN E. TURK


_____

RONALD L. YOUNG

**BARRY ZISCHKAU**