## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NATIONAL FORGE COMPANY, *et, al.* | ) |
| | ) |
|     Debtor. | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|   And | ) |
| | ) |
| OFFICIAL COMMITTEE OF RETIREES OF NATIONAL FORGE COMPANY, | ) |
| | ) |
|     Intervenors | ) |
| | ) C.A. No. 04-21 ERIE |
|     v. | ) |
| | ) |
| JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A. f/k/a FLEET BUSINESS CREDIT CORPORATION; and NATIONAL CITY BANK OF PENNSYLVANIA, | ) |
| | ) |
|     Defendants. | ) |

**MOTION TO APPROVE SETTLEMENT AND RELEASE**

And now, comes THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY (the "Committee"); National Forge Company Holdings, Inc. ("Holdings"); National Forge Company ("NFC"); and JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A. f/k/a FLEET BUSINESS CREDIT CORPORATION; and

NATIONAL CITY BANK OF PENNSYLVANIA (the "Bank Group Defendants") and submit this Motion to Approve Settlement and Release, stating as follows:

## BACKGROUND

1. Prior to April 13, 1999, Holdings, the parent of NFC, had two classes of stock: Class A, the issued shares of which were owned exclusively by the National Forge Company Holdings Inc. Employee Stock Ownership Plan, and Class B, the issued shares of which were held by, among others, the Bank Group Defendants.

2. On April 13, 1999, NFC transferred $5,749,868.74 in cash to Holdings, and with that cash Holdings redeemed all of the outstanding Class B shares for $49.42 per share (the "Redemption").

3. Prior to the Redemption, Holdings, NFC and their affiliates were parties to a credit facility with the Bank Group Defendants.

4. It was alleged by the Committee that NFC and Holdings borrowed money from the Bank Group Defendants to fund the Redemption.

5. On March 6, 2002, NFC filed for protection under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"), and on March 21, 2002, the United States Trustee, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee.

6. On January 31, 2003, the Committee commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court at Adv. Pro. No 03-1014 on behalf of NFC and Holdings and against, among others, the Bank Group Defendants in which it alleged, *inter alia*, that the Redemption and the lien placed on NFC's and Holdings' assets pursuant to the

borrowing from the Bank Group Defendants to fund the Redemption were subject to avoidance under the Pennsylvania Uniform Fraudulent Transfer Act.

7. The Bank Group Defendants filed pleadings and documents in the Adversary Proceeding and related appeals denying the Committee's allegations.

8. Pursuant to the Bankruptcy Court Order dated July 17, 2003, a reserve of $2,000,000.00 was established for claims arising out of or incident to the Adversary Proceeding, including a $400,000.00 reserve for the costs and fees associated with the Bank Group Defendants' defense of the matter (the "Reserve Fund").

9. At the same time it commenced the Adversary Proceeding, the Committee moved for authority to bring the action on behalf of NFC and Holdings, and the Bankruptcy Court, by Order dated November 26, 2003, and over the objection of the Bank Group Defendants, granted the Committee standing to bring the Adversary Proceeding (the "Bankruptcy Court Standing Order").

10. The Bank Group Defendants appealed the Bankruptcy Court Standing Order to the United States District Court for the Western District of Pennsylvania (the "District Court").

11. On January 5, 2005, the District Court pursuant to 28 U.S.C. § 1334(b), withdrew the order of reference as to the Adversary Proceeding, and on May 26, 2005, having treated the Bank Group Defendants' appeal of the Bankruptcy Court Standing Order, in light of the reference being withdrawn, as a Motion for Reconsideration under Fed. R. Civ. P. 60, authorized the Committee to proceed with the Adversary Proceeding on behalf of NFC and Holdings (the "District Court Standing Order").

12. Subsequently, the Bank Group Defendants joined in a motion, pursuant to Fed. R. Civ. P. 56, for summary judgment with respect to Counts I through VII of the Committee's eight-count complaint.

13. In a Memorandum Opinion dated June 9, 2006 and accompanying Order of Judgment, the District Court granted the Bank Group Defendants' motions for summary judgment as to Counts I through VII of the Committee's Amended Complaint as to all of the Defendants (the "Summary Judgment Decision").

14. By Order dated July 6, 2006, and at the request of the Committee, the District Court made the Summary Judgment Decision immediately appealable.

15. The Committee timely appealed the Summary Judgment Decision to the United States Court of Appeals for the Third Circuit (the "Court of Appeals") and the Bank Group Defendants timely cross-appealed the District Court Standing Order.

16. The Committee moved to stay further proceedings with respect to Count VIII of its amended complaint until such time as the Court of Appeals has decided the appeals arising from the Summary Judgment Decision, and by Order dated August 3, 2006, the District Court denied that request and thereafter, the Committee, with the District Court's permission, dismissed Count VIII of the amended complaint with prejudice.

17. Following a mediation session sponsored by the Court of Appeals, the Committee, NFC, Holdings and the Bank Group Defendants agreed to settle the matters, subject to the parties entering into a definitive agreement and the District Court approving the terms of the settlement.

**RELIEF REQUESTED**

18. The Committee, NFC, Holdings and the Bank Group Defendants now seek to resolve the issues arising out of and relating to the Adversary Proceeding and Appeal.

19. The terms under which the Committee, NFC, Holdings and the Bank Group Defendants are willing to resolve the claims raised in the Adversary Proceeding and Appeal are set forth in the Settlement Agreement and Release attached as Exhibit "A" and made a part hereof as if fully set forth herein (the "Settlement Agreement").

20. Given the inherent risks associated with the prosecution of the Appeal and underlying Adversary Proceeding and the substantial cost and expense associated with both, the Committee submits that the settlement and release of claims raised in the Adversary Proceeding and Appeal under the terms of the Settlement Agreement is in the best interests of NFC's and Holdings' estates and their creditors.

WHEREFORE, the Committee and Bank Group Defendants respectfully request that this Honorable Court grant the instant Motion and authorize the Committee, NFC, Holdings, and the Bank Group Defendants to enter into and execute the attached Settlement Agreement.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL LLC

*/s/ John M. Steiner*
John M. Steiner, Esq.
PA ID No. 79390
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219
(412) 261-1600
Counsel for the Committee of Unsecured Creditors of National Forge Company