IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NATIONAL FORGE COMPANY, *et, al.* | ) |
| | ) |
| Debtor. | ) |
| | ) |
| OFFICIAL COMMITTEE OF | ) |
| UNSECURED CREDITORS OF | ) |
| NATIONAL FORGE COMPANY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| And | ) |
| | ) |
| OFFICIAL COMMITTEE OF RETIREES | ) |
| OF NATIONAL FORGE COMPANY, | ) |
| | ) |
| Intervenors | ) |
| | ) C.A. No. 04-21 ERIE |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK, N.A.; BANK | ) |
| OF AMERICA, N.A. f/k/a FLEET | ) |
| BUSINESS CREDIT CORPORATION; and | ) |
| NATIONAL CITY BANK OF | ) |
| PENNSYLVANIA, | ) |
| | ) |
| Defendants. | ) |

EXHIBIT A

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made as of the ____ day of _____, 2007, by and among THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY (the "Committee"); NATIONAL FORGE COMPANY HOLDINGS, INC. ("Holdings"); NATIONAL FORGE COMPANY ("NFC"); and JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A. f/k/a FLEET BUSINESS CREDIT CORPORATION; and NATIONAL CITY BANK OF PENNSYLVANIA (the "Bank Group Defendants").

W I T N E S S E T H:

WHEREAS, prior to April 13, 1999, Holdings, the parent of NFC, had two classes of stock: Class A, the issued shares of which were owned exclusively by the National Forge Company Holdings Inc. Employee Stock Ownership Plan, and Class B, the issued shares of which were held by, among others, the Bank Group Defendants; and

WHEREAS, on April 13, 1999, NFC transferred $5,749,868.74 in cash to Holdings, and with that cash Holdings redeemed all of the outstanding Class B shares for $49.42 per share (the "Redemption"); and

WHEREAS, prior to the Redemption, Holdings, NFC and their affiliates were parties to a credit facility with the Bank Group Defendants; and

WHEREAS, it was alleged by the Committee that NFC and Holdings borrowed money from the Bank Group Defendants to fund the Redemption; and

WHEREAS, on March 6, 2002, NFC filed for protection under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"), and on March 21, 2002, the United States Trustee, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee; and

WHEREAS, on January 31, 2003, the Committee commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court at Adv. Pro. No 03-1014 on behalf of NFC and Holdings and against, among others, the Bank Group Defendants, and in which it alleged, *inter alia*, that the Redemption and the lien placed on NFC's and Holdings' assets pursuant to the borrowing from the Bank Group Defendants to fund the Redemption (the "Alleged Borrowing"), were subject to avoidance under the Pennsylvania Uniform Fraudulent Transfer Act; and

WHEREAS, the Bank Group Defendants filed pleadings and documents in the Adversary Proceeding and related appeals denying the Committee's allegations; and

WHEREAS, pursuant to the Bankruptcy Court Order dated July 17, 2003, a reserve of $2,000,000.00 was established for claims arising out of or incident to the Adversary Proceeding,

including a $400,000.00 reserve for the costs and fees associated with the Bank Group Defendants' defense of the matter (the "Reserve Fund"); and

WHEREAS, at the same time it commenced the Adversary Proceeding, the Committee moved for authority to bring the action on behalf of NFC, and the Bankruptcy Court, by Order dated November 26, 2003, and over the objection of the Bank Group Defendants, granted the Committee standing to bring the Adversary Proceeding (the "Standing Order"), and the Bank Group Defendants appealed the Standing Order to the United States District Court for the Western District of Pennsylvania (the "District Court"); and

WHEREAS, on January 5, 2005, the District Court, pursuant to 28 U.S.C. § 1334(b), withdrew the order of reference as to the Adversary Proceeding, and on May 26, 2005, having treated the Bank Group Defendants' appeal of the Standing Order, in light of the reference being withdrawn, as a motion for reconsideration under Fed. R. Civ. P. 60, authorized the Committee to proceed with the Adversary Proceeding on behalf of NFC (the "District Court Standing Order"); and

WHEREAS, the Bank Group Defendants joined in a motion, pursuant to Fed. R. Civ. P. 56, for summary judgment with respect to Counts I through VII of the Committee's eight-count complaint; and

WHEREAS, in a Memorandum Opinion dated June 9, 2006 and accompanying Order of Judgment, the District Court granted the Bank Group Defendants' motion for summary judgment as to Counts I through VII of the Committee's amended complaint (the "Summary Judgment Decision"); and

WHEREAS, by Order dated July 6, 2006, and at the request of the Committee, the District Court made the Summary Judgment Decision immediately appealable; and

WHEREAS, the Committee timely appealed the Summary Judgment Decision to the United States Court of Appeals for the Third Circuit (the "Court of Appeals") and the Bank Group Defendants timely cross-appealed the District Court Standing Order; and

WHEREAS, the Committee moved to stay further proceedings with respect to Count VIII of its amended complaint until such time as the Court of Appeals decided the appeals arising from the Summary Judgment Decision, and by Order dated August 3, 2006, the District Court denied that request and thereafter the Committee, with the District Court's permission, dismissed Count VIII of the amended complaint with prejudice; and

WHEREAS, following a mediation session sponsored by the Court of Appeals, the Committee and the Bank Group Defendants agreed to settle, subject to the parties entering into a definitive agreement and the District Court approving the terms of the settlement, their issues.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Committee and the Bank Group Defendants, with the intention of being legally bound, hereby agree as follows:

1. <u>Payment by NFC and Holdings to the Bank Group Defendants</u>. Within ten (10) days of the Order entered by the District Court authorizing the Committee, NFC and Holdings to enter into this Agreement becoming final and non-appealable, NFC and Holdings shall pay from the Reserve Fund to JPMorgan Chase Bank, NA, on behalf of the Bank Group Defendants, the sum of $200,000.00 (the "Settlement Payment"); and

2. <u>Committee to Dismiss its Appeal</u>. Within ten (10) days after the Bank Group Defendants receive the Settlement Payment required under paragraph 1, the Committee shall take the steps necessary to have its appeal of the Summary Judgment Decision dismissed with prejudice.

3. <u>Bank Group Defendants to Dismiss their Cross-Appeal</u>. Within ten (10) days of their receipt of the Settlement Payment required under paragraph 1, the Bank Group Defendants shall take the steps necessary to have their cross-appeal of the District Court Standing Order dismissed with prejudice.

4. <u>Release of the Committee, NFC and Holdings by the Bank Group Defendants</u>. Upon the Committee, NFC and Holdings complying with the terms of paragraphs 1 and 2, above, the Bank Group Defendants, its members and professionals and all those acting through or on behalf of them, hereby release, acquit and forever discharge, with prejudice, the Committee, NFC and Holdings, all current and former directors and officers of the Committee, NFC and Holdings, their subsidiaries, and all of their respective agents, heirs, executors, successors and insurers (and each of them) from past, present or future claims, costs, expenses, accounts, offsets, demands, causes of action, suits, debts, liability, damages, claims, counterclaims, and demands of any kind or nature whatsoever, in law, equity or otherwise, whether known or unknown to any party at this time, asserted or unasserted, liquidated or unliquidated, absolute or contingent, which the Bank Group Defendants had, may have, now have or which may hereafter accrue or otherwise be acquired against the Committee, NFC and Holdings on account of, arising out of, or relating to, or alleged or asserted or which could have been alleged or asserted or involving the Adversary Proceeding and the transactions which are the subject of the Adversary Proceeding, including the Redemption and the Alleged Borrowing, occurring at any time from the beginning of time up to and including the date of this Agreement.

5. <u>Release of the Bank Group Defendants by the Committee, NFC and Holdings</u>. Upon the Bank Group Defendants complying with the terms of paragraph 3 above, the Committee, its members and professionals and all those acting through or on behalf of NFC and Holdings, hereby release, acquit and forever discharge, with prejudice, the Bank Group Defendants, all current and former directors and officers of the Bank Group Defendants and their subsidiaries, and all of the respective agents, heirs, executors, successors and insurers (and each of them) from past, present or future claims, costs, expenses, accounts, offsets, demands, causes of action, suits, debts, liability, damages, claims, counterclaims, and demands of any kind or nature whatsoever, in law, equity or otherwise, whether known or unknown to any party at this time, asserted or unasserted, liquidated or unliquidated, absolute or contingent, which the Committee, NFC and Holdings had, may have, now have or which may hereafter accrue or otherwise be acquired against the Bank Group Defendants on account of, arising out of, or

relating to, or alleged or asserted or which could have been alleged or asserted or involving the Adversary Proceeding and the transactions which are the subject of the Adversary Proceeding, including the Redemption and the Alleged Borrowing, occurring at any time from the beginning of time up to and including the date of this Agreement.

6. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement and understanding between the parties concerning the subject matter hereof. Any and all prior and contemporaneous negotiations, pleadings, memoranda, correspondence or other communication, possible and alleged agreements, covenants, terms, understandings, conditions, considerations, representations and warranties between the parties concerning this Agreement or the subject matter hereof are merged into and superseded by this Agreement.

7. <u>Binding Effect</u>. This Agreement shall be binding on, and inure to the benefit of, each of the parties, as well as their respective legal successors, heirs, executors, representatives, administrators and assigns.

8. <u>Joint Drafting</u>. This Agreement was negotiated at arm's length and mutually drafted by the parties. No single party shall be deemed to have drafted the Agreement or any individual portion thereof. In the event that any ambiguity or uncertainty exists in any provision of this Agreement, such ambiguity or uncertainty is not to be construed by reference to any doctrine or statute calling for ambiguities to be construed against the drafter of the document.

9. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, either of which may be executed by one or more of the parties, each of which shall be deemed an original, and all of which together shall constitute one original agreement that is binding on the parties. A facsimile copy of a duly executed counterpart shall be treated as an original counterpart.

10. <u>No Admission</u>. It is understood and agreed by the parties that execution of this Agreement is solely for the purpose of settlement and is not to be construed or interpreted as an admission of liability or fault by any party, which liability and fault are expressly denied.

11. <u>Governing Law</u>. This Agreement is to be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania, without resort to its conflicts of law provisions, except as otherwise required by applicable law.

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL FORGE COMPANY | JPMORGAN CHASE BANK, NA; BANK OF AMERICA F/K/A FLEET BUSINESS CREDIT CORPORATION; NATIONAL CITY BANK OF PENNSYLVANIA, BANK GROUP DEFENDANTS |
|---|---|
| By: _____<br>John M. Steiner, Esquire<br>Leech Tishman Fuscaldo & Lampl<br>Citizens Bank Building, 30th Floor<br>525 William Penn Place<br>Pittsburgh, PA 15219<br>Attorneys for the Creditors Committee | By _____<br>Joel M. Walker, Esquire<br>Duane Morris LLP<br>600 Grant Street, Suite 5010<br>Pittsburgh, PA 15219-2811<br>Attorneys for Bank Group Defendants |
| NATIONAL FORGE COMPANY HOLDINGS, INC. | NATIONAL FORGE COMPANY |
| By: _____<br>Maurice J. Cashman<br>c/o Ellwood National Forge<br>1 Front Street<br>Irwin, PA 16329<br>Responsible Officer of National Forge Company Holdings, Inc. | By: _____<br>Maurice J. Cashman<br>c/o Ellwood National Forge<br>1 Front Street<br>Irwin, PA 16329<br>Responsible Officer for National Forge Company |